[No. 5561.]

## MICHAEL AMBROSE v. MARK L. McDONALD.

AUTHORITY OF ATTORNEY AT LAW TO COMPROMISE.—In the absence of express instructions from his client, an attorney at law has no authority to compromise a claim put in his hands for collection by suit or to receive any money thereon before bringing the suit.

APPEAL from the District Court of the Twelfth Judicial District, San Francisco.

The action was brought to recover six hundred and forty-three dollars, as balance due upon stock transactions in September, 1874. The answer admitted the transactions, but set up a counter-claim, and pleaded payment in full upon an accounting and settlement. The Court found that in December, 1874, the defendant had settled with one Morgan, then the attorney of plaintiff, paying three hundred and eleven dollars in full of all demands. The Court also found that the plaintiff had employed Morgan as an attorney to collect the money, restricting his employment to the bringing of suit for the money; that about the time of retaining Morgan the plaintiff introduced him to the defendant as his lawyer, but said nothing about the extent of his authority; that Morgan subsequently wrote a letter to the defendant demanding a settlement, and the compromise resulted therefrom. The Court further found that Morgan kept the money and left the State.

Judgment was rendered for the defendant, and the plaintiff appealed.

*Daniel Titus*, for Appellant, cited sec. 283 of the Code of Civil Procedure.

*Bartlett & Pratt*, for Respondent, argued that the plaintiff, having placed Morgan in a position of trust towards the defend-

ant by introducing him as his attorney, was bound by the set-tlement.

By the COURT:

The Court finds that Morgan was employed by plaintiff as an *attorney* to collect the money due from defendant to him, and that plaintiff restricted his employment to the bringing of a suit against defendant to recover such money.

There is no evidence nor finding of fact that Morgan was represented by the plaintiff as having any relation to him except as his " lawyer." As attorney at law he had no authority, actual or ostensible, to compromise the claim or receive any money thereon until after suit brought. (Code of Civil Pro-cedure, sec. 283.)

Judgment and order reversed, and cause remanded for a new trial.