### JOSEPH J. MILLER
### v.
### ALBERT G. LANE.

. 1. ATTORNEY AND CLIENT—AUTHORITY TO COMPROMISE.—A general retainer does not authorize an attorney, to whom a debt has been given for collection, to settle and discharge the debt; or if the debt has been put into a judgment, to compromise the judgment for a less sum than the entire amount due, nor to accept anything but money in payment or satisfa- tion of the same. For such purposes the attorney must be specially authorized by his client or the latter will not be bound by his acts unless he subsequent- ly ratifies them.

2. DUTY OF DEBTOR.—If a debtor seeks to compromise a claim with his creditor's attorney for less than the amount due, he is put upon inquiry as to the attorney's authority. Omitting to make inquiry or to require the production of such authority he deals with such attorney at his peril.

3. COMPROMISE BY ATTORNEY—REPUDIATION BY CLIENT.—Where ap- pellant's attorney without appellant's authority or knowledge, undertook to discharge and satisfy an entire judgment, amounting to $4,450, upon the payment by appellee, the judgment debtor, of $1,600, and this money was neither paid by appellee nor received by the attorney as a part payment, but in satisfaction and extinguishment of the entire debt, and appellant did not accept the $1,600 or any part of it and repudiated the compromise. *Held*, that the order of the court to vacate and set aside the entry of satis- faction of the judgment was proper, but the order that a credit of $1,600 be entered upon the judgment docket was improper.

4. AFFIDAVIT.—Where the affidavit set forth that the payment was compromised and settled by the payment of $1,600, and then stated, "which settlement and compromise said affiant then and there repudiated and disclaimed." *Held*, that the payment of the money was a part of the settlement and compromise, and appellant repudiated the whole.

APPEAL from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding. Opinion filed Novem- ber 16, 1883.

This is an appeal from an order of the Circuit Court of Cook county, allowing a credit of $1,600, on a judgment previously rendered in that court against appellee in favor of appellant. There is no dispute about the facts, which are substantially as follows: Appellant recovered a judgment against appellee in said circuit court, March 15, 1881, for the sum of $4,450. July 1, 1882, appellant's attorney in the original suit, one Uppercu, without the permission, knowledge or authority of appellant, compromised the judgment with appellee for the sum of $1,600 paid to him by appellee, and entered satisfaction of the same in full on the judgment docket of the circuit court.

August 14th thereafter, appellant first learned of the compromise, and immediately, on the same day, gave notice to both appellee and Uppercu that the acts of his attorney in the premises were done without authority from him, that he disclaimed and repudiated the same, and that he refused to recognize or to be bound thereby. Uppercu subsequently absconded and left the State, without having paid over to appellant the money or any portion of it so received by him from appellee on said compromise. The circuit court, on motion of appellant, vacated and set aside the entry of satisfaction of the judgment, but ordered that a credit of $1,600 for the money so received by Uppercu be entered upon the judgment docket as of July 1, 1882, to which ruling of the court in ordering such credit appellant duly excepted. He brings the case here by appeal and the only error assigned questions the allowance of the credit so made.

Mr. GEO. A. KETTELLE, for appellant; that the client is bound according to the rules of agency by the acts of his attorney *within the scope of the latter's authority*, cited Wharton on Agency, § 580; Russell v. Lane, 1 Barb. 519; Lawson v. Battison, 12 Ark. 401; Sampson v. Obleyer, 22 Cal. 200; Greenlee v. McDowell, 4 Ind. 481; Fairbanks v. Stanley, 18 Me. 296; Rice v. Wilkins, 21 Me. 558; Chambers v. Hodges, 23 Tex. 104; Nave v. Baird, 12 Ind. 318; Ruckman v. Alwood, 44 Ill. 185.

The rule that the authority of a client's lawyer can not be

disputed, only applies when he acts within the scope of his authority, and the limit of duties which his profession imposes upon him: Succession of Barr, 8 La. An. 458; Ex parte Gillespie, 3 Yerg. 325.

The authority to bind the client, must be expressly authorized: Penniman v. Patchen, 5 Vt. 346; Campbell's Appeal, 29 Pa. 401; Rowland v. State, 58 Pa. 196; Fassett v. Middleton, 47 Pa. 214; Card v. Wallridge, 18 Ohio, 114; Terhune v. Colton, 10 N. J. Eq. 21; White v. Hildreth, 13 N. H. 104; Child v. Eureka, 44 N. H. 354; Goodfellow v. Landis, 36 Mo. 168.

The general authority to collect conferred upon an attorney who obtains a judgment must be payment *in full:* Weeks on Attorneys, § 240; Beers v. Henderson, 45 N. Y. 665; Lewis v. Woodruff, 15 Howard's Pr. 539; Carter v. Talcott, 10 Vt. 471; Penniman v. Patchin, 5 Vt. 346; Reid v. Dickinson, 37 Ia. 56.

The attorney has no authority to compromise after judgment without special authority from his client: Weeks on Attorneys, § 231; Wharton on Agency, § 595; Jones v. Ransom, 3 Ind. 327; Jenkins v. Gillespie, 18 Miss. 31; Pendexter v. Vernon, 9 Humph. 84; Wilson v. Jennings, 3 Ohio St. 528; Beers v. Henderson, 45 N. Y. 665; Wilson v. Wadleigh, 36 Me. 496; Jewett v. Wadleigh, 32 Me. 110; Bank v. Govan, 18 Miss. 35.

An attorney can not, by authority of his general retainer, satisfy a judgment without payment of the full amount in money. If he takes anything else, or a less amount than the entire sum, the plaintiff is not bound: Trumbull v. Nicholson, 27 Ill. 149; McCarrer v. Nealy, 1 Iowa, 360; Smock v. Dale, 5 Rand. 639; Lewis v. Gamage, 1 Pick. 347; Vail v. Conant, 15 Vt. 314; Jewett v. Wadleigh, 32 Mo. 110; Beers v. Henderson, 45 N. Y. 665; Wilkinson v. Holloway, 7 Leigh. 277; Garthwaite v. Wentz, 19 La. An. 196; Lewis v. Woodruff, 15 How. Pr. 539; Wakeman v. Jones, 1 Cart. 517; Benedict v. Smith, 10 Paige, 126; Jackson v. Bartlett, 8 John. 361; Chapman v. Cowles, 41 Ala. 103; Jones v. Ransom, 3 Ind. 327; Abbe v. Rood, 6 McLean, 107; Reid v. Dickinson, 37 Iowa, 56.

Miller v. Lane.

Messrs. Horton, Hoyne & Saunders, for appellee; that the attorney of record for a party in whose favor judgment is rendered, has full authority growing out of this relation to collect the money and give quittance therefor, either to the judgment debtor or the sheriff, cited Custer v. Agnew, 83 Ill. 195.

Wilson, J. The law is well settled that an attorney in whose hands a debt is placed for collection, may receive the amount due and discharge the debt, or, if it has been put into judgment may receive the amount due on the judgment and enter satisfaction of the same of record, and such acts will bind his client. He may also demand and receive part payments, as well as payment in full, where such part payments are made merely to apply as so much paid on the debt or judgment. But it is equally well settled that a general retainer does not authorize him to settle and discharge the debt or compromise the judgment for a less sum than the entire amount due, nor to accept anything but money in payment or satisfaction of the same. For such purposes he must be specially authorized by his client or the latter will not be bound by his acts, unless he subsequently ratifies them. If the debtor seeks to compromise the claim with the attorney for less than the amount due, he is put upon inquiry as to the attorney's authority, and omitting to make inquiry or to require the production of such authority, he deals with him at his peril. Wharton on Agency §§ 580–583 and note; Weeks on Attorneys, § 240.

It appearing that Uppercu had no other authority than such as was conferred upon him by his general retainer, it follows that the compromise made by him with appellee was, as to appellant, wholly invalid and of no effect, and the court below properly vacated the satisfaction of the judgment. But in ordering the credit of $1,600 to be indorsed on the amount of the judgment, we think the court erred. Had the $1,600 been paid and received simply as a part payment on the judgment, leaving the balance to stand unsatisfied, appellant would have been bound, notwithstanding the failure

of the attorney to pay over the money to him. But Uppercu undertook to discharge and satisfy the entire judgment, amounting to the sum of $4,450, upon the payment by the judgment debtor of $1,600. The money was neither paid by appellee nor received by Uppercu as a part payment. It was paid and received in satisfaction and extinguishment of the entire debt. Had appellant accepted the $1,600 or any part of it, he would thereby have ratified the act of his attorney in making the compromise and so have been bound by it, as he could not, under a familiar legal rule, affirm it in part, and avoid it as to the residue. Hunt v. Silk, 5 East, 249; Besley v. Dumas, 6 Bradwell, 291. It would be glaringly unjust to charge appellant with moneys, which he not only never received, but which it was impossible for him to receive without forfeiting double the amount, which remained still unpaid upon the judgment.

The point is made by appellee's counsel, that appellant does not, in his affidavit filed in support of the motion to vacate the entry of satisfaction, state that he repudiated the payment of the $1,600, made by appellee to appellant's attorney, but that he only repudiated the settlement. The affidavit sets forth that the judgment was compromised and settled by the payment of $1,600, and then states " which settlement and compromise said affiant then and there repudiated and disclaimed." The payment of the money was a part of the settlement and compromise and appellant repudiated the whole.

So much of the judgment of the court below as orders a credit of $1,600 to be entered upon the judgment docket, is reversed, and the cause is remanded with directions to the circuit court to vacate so much of said order as directs said credit.

Reversed and remanded with directions.