(Opinion published 52 N. W. Rep. 140.)

---

MATILDA H. DAVIS *vs.* SARAH A. SEVERANCE *et al.*

Argued April 11, 1892.   Decided May 16, 1892.

Practice—Election on the Trial as between Inconsistent Causes of Action.—Where inconsistent causes of action are joined in a complaint, and the proceedings upon the trial are not returned to this court, and the trial court finds in the plaintiff's favor upon one cause of action, and the other is ignored, it will be presumed in this court that the plaintiff elected to proceed upon the cause of action upon which the finding and decision are made with the consent of the defendant, and the plaintiff will not be concluded by the pleading.

Payment—Partial to the Creditor's Attorney, Good.—Where a client employed an attorney to collect a promissory note, and he, instead of col-

lecting the same in full, received part payment in cash, and took security running to himself for the balance, *held*, that the payment in money was good *pro tanto*, and presumptively within the authority of the attorney to receive, but the client might refsue to accept the new security, and recover the original note from the maker.

Appeal by defendants Sarah A. Severance and William N. Severance, her husband, from a judgment of the District Court of Ramsey county, *Cornish*, J., entered December 2, 1891.

Plaintiff, Matilda H. Davis, on April 1, 1890, held and owned two promissory notes made by defendants Sarah A. Severance and husband, one for $2,100, and the other for $500, both past due and unpaid, but inadequately secured by a mortgage of eighty acres of land in Swift county. On that day she employed the defendant Frank E. Chipman, of St. Paul, an attorney at law, to collect the debt, and gave him possession of the notes and mortgage. He brought suit on the notes, and attached the real property of the makers. On September 27, 1890, the attorney, without informing plaintiff or obtaining her consent, settled with the debtors, surrendered the securities, dismissed the action, and received $294.67 in money, and a new note running to himself for $2,500, and interest due October 1, 1895, and secured by a mortgage to him upon the same eighty acres of land. Chipman, on January 23, 1891, wrongfully assigned the new note and mortgage to the defendant W. C. Edwards, as security for $400 lent him by Edwards, and afterwards absconded. The facts were not discovered by plaintiff until April 30, 1891. She has not adopted or ratified the acts of Chipman. The first mortgage remains undischarged of record. Plaintiff made all these persons defendants in this action, and asks that Edwards be restrained from selling or collecting the second mortgage, and that she have such relief as the court shall find to be equitable in the premises, with costs. The action was tried before the court without a jury. Findings of fact were made, and judgment entered that plaintiff recover of Mrs. Severance and her husband the two original notes, and be restored to all her rights under the first mortgage as they existed prior to the surrender of it to them, by Chipman. Mrs. Severance and her husband alone appealed to this court, but no case or bill of exceptions

was made, and the action came here for review upon the pleadings, findings, and judgment.

*M. L. Countryman*, for appellants.

The plaintiff, with knowledge of the facts, seeks by her complaint to derive a benefit from the unauthorized acts of her attorney and agent. She cannot now repudiate the transaction. The law does not allow her to do both. *Partridge* v. *White*, 59 Me. 564; *Jones* v. *Atkinson*, 68 Ala. 167; *Brooks* v. *Fletcher*, 56 Va. 624; *Hall* v. *White*, 123 Pa. St. 95; *Shoninger* v. *Peabody*, 57 Conn. 42; *Nichols* v. *Shaffer*, 63 Mich. 599; *Dana* v. *Turlay*, 38 Minn. 106.

The court erred in finding that the cash payment by appellants to Chipman at the time of settlement was not a part payment of the plaintiff's notes.

The judgment is foreign to the issues. The complaint does not ask for any such relief as the court has given. It is framed upon the theory that the plaintiff is entitled to the possession and enjoyment of the new mortgage, and she applies for an injunction to protect her in its enjoyment.

*J. V. Brower*, for respondent.

The money payment and the new note and mortgage to Chipman were one transaction, and not separable. They constituted but one distinct transaction; hence the plaintiff is not bound by the one, and relieved from the other.

In respect to ratification, there is no evidence to support defendants' contention. They have in no manner changed their position or suffered in any respect by the conduct of the plaintiff.

VANDERBURGH, J. The defendant Chipman, who was employed by plaintiff to collect certain promissory notes due her from the defendants Severance, received part payment thereof in money, and took a mortgage, with new notes for the balance, to himself, without the knowledge or authority of the plaintiff. These new notes and mortgage were turned over by Chipman to the defendant Edwards. Chipman afterwards absconded, and plaintiff brings this action, and

sets out the transaction in full in her complaint, protesting that she has not ratified the acts of Chipman in the premises, and asking generally such relief as will be in accordance with equity, and as she may show herself entitled to; and adding also a prayer for an injunction restraining the defendant Edwards from disposing of the note and mortgage running to Chipman, and assigned to him as above stated. The answer of the defendant Edwards shows that the last-named notes and mortgage were assigned to him as collateral security for a loan made by him to Chipman in good faith to secure the sum of $400. The foregoing facts also appear from the findings of the court, which also finds that the plaintiff has at no time ratified the acts of Chipman in taking the new notes in payment of the old notes left with him for collection. As there is no case or bill of exceptions, the proceedings upon the trial do not appear.

It was a proper case for an election by the plaintiff to proceed against the defendants Severance for a recovery of the old notes, or against Edwards for a determination of the relative rights of the parties to the new notes.

The complaint was drawn with a double aspect, and might have been corrected upon motion. The counsel for Severance, however, claims that by joining Edwards, and asking for an injunction, the plaintiff had ratified the acts of Chipman in taking the new notes.

The parties were not, however, necessarily concluded by the pleading. They might nevertheless consent to proceed to trial upon the cause of action against Severance, and abandon the claim against Edwards; and, in the absence of any record of the proceedings on the trial, we must presume, in support of the decision, that they did consent to do so, and that the record, if complete, would justify the action of the court and its findings. The act of the plaintiff in joining Edwards and asking for an injunction, while repudiating the acts of Chipman, though apparently inconsistent with his claim against defendants Severance, was evidently precautionary, and conditional upon the final determination as to the facts. Still it might be waived on the trial, and the plaintiff be required to elect, as was assumed on the argument he did do.

The only question remaining for us to consider is whether the de-

cision of the court is warranted by the findings.    It is found that the defendants Severance, at the time they gave the new notes, paid over to Chipman on the original notes the sum of $294.67 in cash. This, the court held, was a part of the settlement made with Chipman when he took the unauthorized notes for the balance, and, being all in one transaction, the defendants were not entitled to credit for the amount paid in cash.    To this we cannot agree.    The transaction is not found to be fraudulent.    Chipman was authorized to receive payment in money, and the payment to him was good *pro tanto.*    The amount paid must therefore be allowed and credited upon the original notes, the recovery of which was awarded to plaintiff, and the judgment must be modified to that extent.

(Opinion published 52 N. W. Rep. 140.)

