FRED J. RILEY *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.      March 7, 1907. — May 14, 1907.

Present: KNOWLTON, C. J., MORTON, HAMMOND, SHELDON, & RUGG, JJ.

*Attorney at Law. Accord and satisfaction. Agency.*

Whether an agreement to settle a case made by the defendant with the attorney for the plaintiff, and a payment in pursuance thereof made by the defendant to such attorney and received by him in full settlement and satisfaction of the plaintiff's claim, would bar the further prosecution of that claim, if the settlement was made without authority from the plaintiff and contrary to his instructions although he had employed the attorney generally in the case and the limitation of his authority was not known to the defendant, it here was not necessary to determine, because it appeared that the defendant understood that the attorney for the plaintiff did not have full authority to settle the case, and there was no evidence warranting a finding that an absolute agreement of settlement was made with the plaintiff's attorney.

Where in an action for personal injuries the defence relied upon is a settlement alleged to have been made with the plaintiff's attorney, if it appears that by the terms of the alleged settlement the plaintiff's attorney was to procure a release from the plaintiff and that no payment was tendered in behalf of the defendant until the plaintiff's attorney had delivered to the defendant a paper purporting to be such a release, of which the signature was forged, this shows that the defendant understood that the plaintiff's attorney did not have full authority to settle the case, and there is no evidence warranting a finding that an absolute agreement of settlement was made with the plaintiff's attorney.

TORT for personal injuries alleged to have been sustained by the plaintiff in consequence of a collision between two cars of the defendant, on one of which the plaintiff was a passenger, at the corner of Washington Street and Ashland Street in Boston, at two o'clock in the afternoon of May 22, 1904. Writ dated November 21, 1904.

The answer, as amended, alleged that on June 16, 1904,

Alfred C. Smith acting as attorney and agent for the plaintiff definitely agreed to settle the plaintiff's case for $250 and an attorney's fee of $75, and that the defendant subsequently sent to the plaintiff a check for $250, and also tendered to the plaintiff that sum of money in gold certificates.

In the Superior Court the case was tried before *Richardson,* J. The plaintiff testified that on May 31, 1904, he employed one Alfred C. Smith, an attorney at law, as his attorney; that he explained how the accident occurred and told Smith that the elevated people had not been to see him yet and he told him to go down to the office of that company and represent the facts to them, and find out what they would be willing to pay in settlement of the case, but under no consideration to make a settlement of the case; that he also told Smith to see his doctor and he would tell him that the plaintiff was seriously injured; that at the first interview he had with Smith he told him not to settle his claim.

He testified further that he never in any way communicated to the defendant or any of its agents or attorneys the fact that he had limited Smith's authority to act as his attorney, and did not communicate to the defendant the fact that he had instructed him not to settle the case.

The plaintiff testified that on Saturday, June 18, 1904, he saw Smith, who told him that he had settled his case, and, upon his telling him that he had no right so to do and that he had instructed him not to settle the case, the attorney immediately replied " Well, I have not settled it." He testified further that on Monday, June 20, 1904, he went to the office of the defendant and there saw Mr. Reynolds, an attorney and claim agent for the defendant; that he told Reynolds that he came there to notify the company that he had dispensed with the services of Smith as his attorney; that Reynolds said the case was settled by Smith; that Reynolds said " he [Smith] came down here and he had three cases against the elevated on the same accident and we told him if he would get your release they would settle the whole three of them together and he went out and got it evidently ; " that the plaintiff said Smith had no authority to settle his case; that Reynolds then showed him a release of all claims for damages arising out of this collision

purporting to have been signed by him in the presence of his attorney Alfred C. Smith; that .he told Reynolds that he did not sign the release and never saw it before. At the trial the signature on this release was admitted by the defendant to be a forgery.

The plaintiff further testified that subsequently on the same day he received by mail a check dated June 18 for $250 from the treasurer of the defendant, which he immediately returned by mail to the defendant with a letter stating that the paper purporting to be a release was a forgery and that Smith had no authority from him to sign any paper or to settle his case. The plaintiff received the same check again from the defendant and again returned it, and the following day an agent of the defendant called at his house and tendered him $250 in gold certificates in behalf of the defendant, which he declined to accept. It was admitted that up to the time of these transactions Smith was a member of the bar in good standing; that subsequently he was disbarred and at the time of the trial could not be produced as a witness.

Reynolds testified that he was a member of the bar and was an attorney and claim agent of the defendant and had acted in that capacity since the year 1897. He testified that an agreement was made between him and Smith that the case should be settled for $250 and an attorney's fee of $75, and that it was in consequence of this agreement to settle that the release was made out. The testimony of the plaintiff was not contradicted.

At the close of the evidence the defendant asked the judge to make the following rulings:

1. Upon all the evidence in the case the plaintiff is not entitled to recover.

2. An attorney at law being a sworn officer of the court when engaged by his client to manage his cause is entrusted with powers greater than an ordinary agent and any acts done by him within the fair scope of the object for which he is employed bind his client when the attorney acts with any third party, provided the third party is acting in good faith and without notice of any limitation of the authority of the attorney should any such limitation exist.

3. A person dealing with an attorney at law is justified in believing he has the usual powers pertaining to his office and such person is not bound by any secret limitations placed upon those powers by the client unless they are communicated to him or his duly authorized agent.

4. If the jury find that the plaintiff employed Alfred C. Smith then a member of the bar in good standing to manage his case against the defendant, and Smith acting as the plaintiff's agent went to the office of John J. Reynolds, a member of the bar in good standing, acting as attorney and claim agent of the defendant, and with him agreed to settle the case, the plaintiff is bound by the act of his attorney even though he had privately instructed him not to settle the case, the instructions not having been communicated to the defendant.

5. If the plaintiff employed Alfred C. Smith, an attorney at law and member of the bar in good standing, and instructed him to take charge of his claim against the defendant, either to settle it if he could obtain an offer which he, the attorney, thought adequate or else to bring suit, and the attorney after conference with John J. Reynolds, Esquire, also a member of the bar and attorney and claim agent of the defendant, agreed absolutely to settle the claim with Reynolds who himself was acting in good faith, and the sum agreed to be paid was in the opinion of Reynolds an adequate one, the plaintiff is bound by the act of his attorney, and the agreement made by the attorney is a bar to a subsequent action by the plaintiff based on the same cause of action.

The judge refused to make any of the above rulings.

The defendant pressed its first request only so far as it bore on the defendant's right to have a verdict directed by reason of the transactions between the plaintiff, Alfred C. Smith and John J. Reynolds.

The judge, among other instructions, charged the jury as follows:

" There is considerable testimony in the case and some of your time has been occupied on the question , of an alleged settlement of the case by Mr. Smith — between Mr. Smith, Alfred C. Smith, a member of the bar, and Mr. Reynolds, I think his name is, who was the claim agent of the corporation.

I am going to relieve you of all responsibility and necessity of going into that inquiry, as I have told counsel plainly, by stating that I do not think, and I so rule, that what took place between those gentlemen, as far as it is disclosed by the evidence in this case at least, prevents the plaintiff from maintaining an action."

The jury returned a verdict for the plaintiff in the sum of $2,797; and the defendant alleged exceptions to the refusal of the rulings requested by it and to the portion of the judge's charge quoted above.

*E. P. Saltonstall,* (*S. H. E. Freund* with him,) for the defendant.

*P. M. Keating,* for the plaintiff.

MORTON, J. If Smith had made a final settlement with the defendant and the amount agreed upon actually had been paid by the defendant to Smith and received by him in full settlement and satisfaction of the plaintiff's claim, a different question would be presented from that which now arises, though we do not mean to intimate that even then the plaintiff would have been bound by the settlement. But the undisputed testimony shows that the parties understood that Smith did not have full authority to settle, since he was to procure a release from the plaintiff as one of the terms of the settlement, and it was not until what purported to be a release from the plaintiff, but which was in fact a forgery, was furnished by Smith, that a check was sent by the defendant to the plaintiff for the amount which had been agreed upon between Smith and Reynolds. The plaintiff returned the check and discharged Smith, and so notified the defendant, and repudiated the attempted settlement as he had the right to do, and it fell to the ground leaving the plaintiff to take such further action, if any, as he chose. The subsequent tender availed nothing. It is sufficient to say, of the only instruction amongst those requested now relied on by the defendant, that there was no evidence which would have warranted the jury in finding that Smith agreed absolutely with Reynolds to settle.

*Exceptions overruled.*