Herman Helfer, Defendant in Error, v. George W. Spunner, Plaintiff in Error.

## Gen. No. 14,369.

1. ATTORNEY AND CLIENT—*limit of former's power to settle.* An attorney may not compromise his client's claim or receive anything but money in payment without his client's assent.

2. ATTORNEY AND CLIENT—*what not conversion by former.* An attorney who is given a note for collection and undertakes to settle the same without his client's consent by the taking of some cash and a series of notes, and who offers the proceeds of the settlement to his client, is not guilty of a conversion of the original obligation. But the client in such case has the right to repudiate the transaction and seek to enforce the original obligation, even though the signature thereto may have been mutilated.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. JUDSON F. GOING, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1908. Reversed. Opinion filed March 9, 1909.

Statement by the Court. On May 7, 1906, Helfer, defendant in error and plaintiff below, gave Spunner, plaintiff in error and defendant below, who is an attorney at law, a note for collection. The note was for $390, dated January 1, 1904, bearing six per cent. per

annum interest and payable in two years. It was signed J. Frank Richardson, payable to the order of M. C. McIntosh and endorsed only as follows: "I hereby agree to collect the within note including interest and principal, for one per cent. commission. M. C. McIntosh." When the note was left for collection Spunner told Helfer he must let him, Spunner, use his own judgment in the matter of the collection, to which Helfer acceded. At that time Spunner gave Helfer a receipt for the note as follows:

"LAKE ZURICH, May 7, 1906.

Received from Herman Helfer, McIntosh note for $390 and interest. Original note $350. Same for collection. $50 if I collect; nothing if I don't. Two months to make collection.

(Signed)    G. W. SPUNNER."

On January 8, 1908, Helfer brought suit against Spunner in the Municipal Court for the value of that note. A jury was waived and, upon trial before the court, Helfer recovered a judgment for $300 and costs. In his *praecipe* Helfer had placed his damages at that amount. Spunner prosecutes this writ of error to reverse that judgment.

There is no conflict of fact in the case. It appears that Spunner, in the course of his efforts to collect the note, took from McIntosh fourteen notes for $25 each and, when that was done, McIntosh tore off the signature of J. Frank Richardson to the original note and let it remain with Spunner. These fourteen notes were taken payable to the order of Spunner. Subsequently $55 was collected by Spunner upon the fourteen notes. Spunner says he did what he thought was for the best interests of Helfer and did not intend to convert the note to his own use. He has never disputed Helfer's ownership of the money and the new notes received. When Helfer came to Spunner with reference to the collection, Spunner offered him the money and the remaining $25 notes, but Helfer refused and insisted upon receiving all cash. Plaint-

iff in error offered, at the trial, to show that no. such person as J. Frank Richardson existed and that the original note was worthless. But the court would permit no evidence in that behalf, to which ruling an exception was preserved. Some evidence appears in the record tending to show the note was worthless.

HAYDEN N. BELL, for plaintiff in error.

C. C. COLLINS, E. S. METCALF and R. W. CHURCHILL, for defendant in error.

MR. JUSTICE CHYTRAUS delivered the opinion of the court.

Plaintiff in error, in his argument, insists that this action is one in tort and defendant in error, in his argument, insists the action is one in assumpsit. Both sides are equally strenuous in their respective contentions. Important rights, of the one party or the other, even to the extent of a question of deprivation of a party's personal liberty under the judgment to be rendered, frequently depend upon the election of the remedy or form of action. But, under the view we take of the case at bar, it is immaterial upon what theory of action the suit was prosecuted. In this state it is established beyond question that an attorney may not compromise his client's claim or receive anything but money in payment, without the client's assent. Nolan v. Jackson, 16 Ill. 273; Danziger v. Pittsfield Shoe Company, 204 Ill. 145. The arrangement made by Spunner with McIntosh, unauthorized by Helfer, did not bind or in any wise affect Helfer. His rights against McIntosh or Richardson remained, after Spunner's arrangement, precisely the same as they were before. The only difference in Helfer's situation was that the note was mutilated by Richardson's signature being torn off. This in nowise affected the validity of the note; it only created some difficulty in making proof of the note. The mutilation would

have to be explained and it might be harder to prove the signature. As a matter of law, McIntosh could not set up the settlement against Helfer and neither could Richardson. Therefore, Spunner did not deprive Helfer of the note by what he did. When Helfer learned of what Spunner had done he had the option of repudiating his action and proceeding, as he, Helfer, might see fit, upon his original cause of action, which Spunner's act had not deprived him of, or he could adopt and ratify the act of his attorney. Whichever course he adopted the present judgment against Spunner cannot be sustained.

The judgment of the Municipal Court is therefore reversed and the cause is not remanded.

*Reversed.*