### DORMAN et al. v. ARKIN.

(Supreme Court, Appellate Term. January 21, 1910.)

1. ATTORNEY AND CLIENT (§ 101*)—AUTHORITY OF ATTORNEY—EVIDENCE.

    Evidence *held* not to show that an attorney had authority to settle his client's claim, received for collection, for 20 per cent. of the amount thereof.

    [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 216; Dec. Dig. § 101.*]

2. ACCORD AND SATISFACTION (§ 7*)—LIQUIDATED DEBT—PAYMENT OF LESS SUM —EFFECT.

    A payment of a sum less than the amount due on an undisputed claim does not make an accord and satisfaction.

    [Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. § 46; Dec. Dig. § 7.*]

3. ATTORNEY AND CLIENT (§ 103*)—UNAUTHORIZED ACT OF ATTORNEY—RATIFICATION.

    An attorney, receiving a claim for collection, collected without authority a part thereof in settlement of the whole. Several months thereafter he sent a check to the client for the difference between his fee and the amount received. The client kept the check for about three weeks, when he returned it to the attorney, with a letter from his new attorney stating that he had not authorized a settlement of the claim. *Held* not to show a ratification of the act of the attorney in settling the claim.

    [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 154; Dec. Dig. § 103.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Nathan Dorman and another against David W. Arkin. From a judgment for defendant on a trial before the court without a jury, plaintiffs appeal. Reversed, and new trial ordered.

Argued before GIEGERICH, DAYTON, and LEHMAN, JJ.

Julius J. Michael, for appellants.
Samuel D. Matthews, for respondent.

GIEGERICH, J. A previous action between the same parties for the same cause—i. e., the agreed price of goods sold and delivered by the plaintiffs to the defendant, amounting to $128.66—was by the stipulation of the attorneys of record therein for the respective parties "marked settled and discontinued without costs to either party" upon delivery by the defendant of his check for $25.73 to the plaintiffs' attorney in such former action, and such disposition of the prior action is pleaded by the defendant as a bar to the present one. It was conceded by the defendant upon the trial of the present action that when the first action was brought there was due to the plaintiffs the sum of $128.66, which is the amount sought to be recovered by them in this action, together with interest thereon. The plaintiffs contend that their attorney in the former action had no authority to settle the case or have it so marked.

It is conceded by the defendant that an attorney cannot compromise a client's claim or release an action without authority, but he claims that such authority was shown upon the trial. The only testimony which in any way tends to prove authority in the attorney for the plaintiff in the former action to settle or compromise the same was given by himself. Upon being called as a witness for the defendant he testified:

"I told him [Mr. Nathan Dorman] that, as I understood it, he wasn't in business, and we would have a hard job collecting. He told me to get 25 per cent., and I told him I couldn't get more than 20 per cent., and after that it was that we settled."

Giving full credence to this testimony, it shows, at most, authority to settle the action for 25 per cent. of the amount of the claim, and not for 20 per cent., which was the percentage in fact agreed upon by the attorney. But, more than this, the plaintiff Nathan Dorman denied that he ever authorized the attorney to settle or compromise the action at all, and that he never saw him after he was retained, and that he first learned of the settlement about eight months after such retainer. No release was given to the defendant, nor was any evidence adduced which tended to show that the check referred to was received in full satisfaction of the plaintiff's claim. As already seen, there was no dispute as to the amount due the plaintiffs, and therefore the payment of a sum less than that for which he was liable did not establish a valid accord and satisfaction. Laroc v. Sugar Loaf Dairy Co., 180 N. Y. 367, 73 N. E. 61.

The defendant urges that the plaintiffs ratified the act of their attorney by delaying the return of the check for $22.83, which repre-

sented the amount collected minus the attorney's fees, until three weeks after the receipt thereof. It appears that the attorney received the said check for $25.73 on December 10, 1908, and that on August 9, 1909, he sent a check to the plaintiffs for the difference between his fee and the amount received, amounting to said sum of $22.83; the said attorney testifying that the plaintiffs kept the check for a period of about three weeks, when they returned it to him with a letter from their present attorney stating that they had not authorized him to settle the claim. The letter in question was not put in evidence, and the plaintiffs gave no further proof than that the check was returned by them, without stating the date of the return. We do not think that the facts proved were sufficient to establish a ratification. Hopkins v. Clark, 7 App. Div. 207, 213, 40 N. Y. Supp. 130; Burnham v. Lawson, 118 App. Div. 389, 391, 103 N. Y. Supp. 482.

The judgment should therefore be reversed, and a new trial ordered, with costs to the appellants to abide the event. All concur.