HAMBERGER et al. v. WHITE.

No. 6360. Opinion Filed January 18, 1916.

(154 Pac. 576.)

1. ATTORNEY AND CLIENT—Compromise of Action—Authority of Attorney—Burden of Proof. The same as the first paragraph of the syllabus in Scott v. Moore, 52 Okla. 200, 152 Pac. 823.

2. SAME—Unauthorized Compromise—Rights of Client. Where an attorney at law does compromise and settle his client's claim without any authority from his client, and in such settlement the attorney receives from the adverse party a consideration which is much less than the client's demand, the client may ignore

such compromise and settlement, and treat the same as a nullity, and recover the full amount of his demand from the adverse party.

(Syllabus by Galbraith, C.)

*Error from County Court, Oklahoma County;*
*John W. Hayson, Judge.*

Action by Solomon Hamberger and Israel Hamberger, partners doing business as Hamberger Bros. Shoe Company, against Fannie White. Judgment for defendant, and plaintiffs bring error. Reversed.

*Nicholas & Lyle* and *R. H. Towne,* for plaintiffs in error.

*G. A. Paul,* for defendant in error.

Opinion by GALBRAITH, C.  This action was commenced by the plaintiffs in error in the justice court to recover the amount of an account of goods, wares, and merchandise sold and delivered. There was judgment for the plaintiffs, and defendant appealed to the county court, where, upon a trial to the court and a jury, there was an instructed verdict for the defendant, and judgment rendered against the plaintiffs in error for costs. From that judgment an appeal has been perfected to this court by petition in error and case-made.

The facts in brief, as shown by the record, are that the defendant in error was engaged in the mercantile business at Oklahoma City in February, 1912, and became financially embarrassed and sought to make a settlement with her creditors. Through her attorney she prepared a circular letter setting out her financial condition, the amount of her stock, and inability to pay, and the amount of her debts, and making a proposition to pay in full settlement and compromise 20 per cent. on the dol-

lar in cash. This circular was accompanied by a receipt for the creditor to sign, acknowledging full settlement of claim for and in consideration of 20 per cent. of the amount thereof. One of these circulars was received by the plaintiffs in error. Without replying, the plaintiffs in error forwarded the same, together with their account against the defendant in error, to Nicholas & Lyle, at Oklahoma City, with positive directions not to accept the proposition of compromise, but to insist upon the payment of 100 per cent. on the dollar of their claim; otherwise, to place the debtor in bankruptcy. This letter bore date of February 22, 1912. On March 20, 1912, at a meeting of the creditors held at the office of the attorney for the defendant in error, in Oklahoma City, Mr. Lyle, of the firm of Nicholas & Lyle, agreed with other creditors to accept, in full settlement of Hamberger Bros. Shoe Company's claim against Mrs. White, the offer of 20 per cent. A few days thereafter a check for 20 per cent. of the amount of the claim was delivered to Nicholas & Lyle, and later on this check was cashed. Mr. Lyle testified that at the time he agreed to the settlement he had no knowledge of the instructions of his clients to insist upon the payment of 100 per cent. on the dollar, and agreed to the settlement in the belief that it was to the best interest of said clients, and that after settlement had been made he discovered that the clients had instructed against the compromise, and had only authorized settlement of the claim on the payment of 100 per cent. on the dollar; that he then attempted to revoke the settlement made with the attorney for the defendant in error, but was unable to come to any agreement with him; that this 20 per cent. was retained and credited on the claim of said clients by the attorneys, and this action was for the balance due

upon the account. It nowhere appears that the Hamberger Bros. Shoe Company authorized the attorney to make the compromise settlement, or approved or ratified the settlement made.

While there are a number of assignments of error set out in the petition in error, there is but one controlling question presented by this appeal; that is, whether or not the compromise of the plaintiffs in error's claim made by the attorney was binding upon the clients. The rule announced by Weeks on Attorneys at Law (2d Ed.) 471, is as follows:

"It is laid down in American cases that an attorney has no authority, arising from his employment in that capacity, no implied power, to compromise his client's claim, or to settle a suit and conclude the client, without the latter's consent."

Thornton on Attorneys at Law, vol. 1, par. 220, announces the rule as follows:

"The general rule also prohibits the attorney from receiving, in the absence of authority from his client, a sum less than that actually due in satisfaction of his client's claim, especially where it has been previously reduced to the form of judgment or decree. The debtor is not injured by being compelled to pay the whole debt, and it has been held that one who undertakes to settle with an attorney for less than the actual debt must, at his peril, ascertain whether the attorney has authority to make such compromise, the burden being upon him to establish that fact."

Mr. Thornton, after stating that the act of the attorney in compromising a claim for less than the amount due may be ratified by the client, proceeds:

"In the absence of authority or ratification, however, the client may recover the full amount of the debt less the sum paid to his attorneys."

The rule announced by these authorities was recognized and applied by this court in the case of *Turner v. Fleming et al.*, 37 Okla. 75, 130 Pac. 551, 45 L. R. A. (N. S.) 265, Ann. Cas. 1915B, 831, wherein Mr. Commissioner Brewer, in the third paragraph of the syllabus, announces the rule as follows:

"An attorney, by virtue of his retainer, can do anything fairly pertaining to the prosecution of his client's cause and the protection of his client's interests involved in the suit; but he cannot, under such general authority, surrender or compromise away his client's substantial rights."

The rule was also announced by Mr. Commissioner Collier in a later case, that of *Scott v. Moore*, 52 Okla. 200, 152 Pac. 823, in the first paragraph of the syllabus, as follows:

"An attorney at law is without authority to compromise an action pending, without being specifically authorized by his client so to do; and when such attorney makes such compromise, and his authority to do so is put in issue, the burden is on the party asserting the compromise to show authority,   *   *   *   or ratification."

The Supreme Court of Kansas, in *Jones v. Inness*, 32 Kan. 177, 4 Pac. 95, announced the rule as follows:

"Where an attorney at law does compromise and settle his client's claim, without any authority from his client, and in such settlement the attorney receives from the adverse party a consideration which is much less than the client's demand, the client may ignore such compromise and settlement, and treat the same as a nullity, and recover the full amount of his demand from the adverse party."

The rule as announced by the above authorities finds abundant support in the authorities cited in the notes in the above text books and cases. Applying this rule to the case at bar, we are constrained to hold that the act of the attorneys in accepting 20 per cent. of the plaintiffs in error's claim in settlement and compromise thereof was not binding upon the client, and inasmuch as the client did not authorize such settlement, and did not approve or ratify it, the same is void, and could be ignored by the client, and the balance of the claim collected, as was attempted to be done by this suit.

It was error in the trial court to instruct a verdict for the defendant. It would have been entirely proper for him to have instructed a verdict for the plaintiffs. However, we recommend that the judgment appealed from be reversed, and the cause remanded, with directions to the trial court to vacate the judgment and verdict of the jury in favor of the defendant in error, and to grant a new trial in said cause.

By the Court: It is so ordered.