EMMA C. HERNLUND v. THE TOWN AND COUNTRY MOTORS, INC.[1]

April 17, 1924.

No. 23,737.

**Defendant enjoined from filing forged release of claim upon return of money paid.**

Upon a release of the cause of action to which plaintiff's attorney had forged her signature, and, as a notary, falsely certified her acknowledgment, defendants innocently and in good faith paid $750 to the attorney and received a stipulation from him to enter judgment of dismissal with prejudice, but without costs. On plaintiff's motion the court permanently enjoined defendants from filing the stipulation and entering judgment thereon, without requiring a return of the money paid. *Held*:

(1) The attorney did not have implied authority to settle the cause of action.

(2) But plaintiff seeking equitable relief must restore what defendants parted with in reliance upon the stipulation, under the rule that when one of two innocent persons must suffer from the fraudulent act of a third, he by whose act the third person was enabled to perpetrate the fraud must bear the loss.

Action in the district court for Hennepin county to recover $5,000. From an order, Nye, J., granting plaintiff's motion to enjoin defendant from filing a stipulation for dismissal of the action, defendant appealed. Reversed.

*Kingman, Cross, Morley & Cant,* for appellant.

*A. A. Tenner,* for respondent.

HOLT, J.

The action was brought to recover for injuries sustained through the negligent operation of defendant's automobile. After the service of the summons, negotiations for a settlement were had between the attorneys of the parties, which resulted in defendants

[1]Reported in 198 N. W. 662.

paying to plaintiff's attorney $750 upon receiving, on February 8, 1922, a written instrument settling the cause of action and releasing defendants from any and all claims by reason of said automobile accident. This instrument purported to be signed by plaintiff, was witnessed by her attorney and one Anna Zagel, and duly acknowledged. At the same time the attorneys of the parties entered a written stipulation for dismissal of the action with prejudice, but without costs. More than a year later, on plaintiff's motion in the action, the court permanently enjoined defendant from filing the stipulation. No condition was imposed upon plaintiff. Defendants appeal from the order.

It seems to be conceded that plaintiff's signature to the release was forged by her attorney, and that she had not authorized the settlement of the cause of action. We do not understand counsel to question the right of the court to set aside a stipulation for judgment of dismissal on the merits where the settlement of the cause of action was made without the client's authority. The law is well settled that an attorney does not have implied authority to settle or compromise the cause of action. Davis v. Severance, 49 Minn. 528, 52 N. W. 140; Burgraf v. Byrnes, 94 Minn. 418, 103 N. W. 215; Gibson v. Nelson, 111 Minn. 183, 126 N. W. 731, 31 L. R. A. (N. S.) 523, 137 Am. St. 549. But the question here is: Should the court, as a condition precedent to granting the relief asked, have required plaintiff to restore to defendants what they paid her attorney?

It must be conceded that the release, being a forgery, is void, and could not avail as a defense in any suit brought against defendants upon the cause of action that plaintiff had against them for this automobile accident. But this motion for relief was not directed against the release. Plaintiff may fully protect herself against that instrument when defendants have occasion to offer it in evidence. The relief sought is against the stipulation and its use. The statute, section 4950, G. S. 1913, reads:

"An attorney may bind his client at any stage of an action or proceeding, by agreement in open court or in presence of the clerk, and

entered in the minutes by such clerk, or made in writing and signed by such attorney. During any proceeding or action the attorney may receive money claimed therein by the client, and within two years after judgment upon payment thereof, may discharge the claim or acknowledge satisfaction of the judgment" etc.

The relief applied for and granted by the order concerned a stipulation by the attorneys in the action. The section of the statute quoted authorizes an attorney to bind his client by written stipulations. To set such stipulations aside the equitable powers of the court must be appealed to. The equities of the parties should be considered, and the rule stated in Burgess v. Bragaw, 49 Minn. 462, 52 N. W. 45, is applicable, namely:

"Where one of two innocent persons must suffer by the fraudulent act of a third, he by whose act the third person was enabled to perpetrate the fraud must bear the loss."

Plaintiff selected her attorney and entrusted him with her cause of action. She in a measure vouched for him to defendants. They had every reason to believe that the one so selected by her was honest and trustworthy and would account to her for the money paid to him. Under the statute he was authorized to enter stipulations in the action and receive money for her. Where business transactions of the present day are carried on through attorneys, each party proceeds upon the assumption that the attorney of the other in every written stipulation is strictly within the authority or direction given by his client. Defendants and their attorneys were entirely innocent of wrong. While the release, being a forgery, is a nullity, its production by plaintiff's attorney, purporting to be executed and acknowledged by her, acquits defendants of any charge of negligence. They did not rely merely upon the "say-so" of the attorney. In principle, defendants ought not to be in a worse position because, in paying the money and accepting the stipulation, the inducement was the production by plaintiff's attorney of the forged release, than if it had been his untruthful representation by word of mouth that he had authority to settle the cause of action. That before plaintiff may have the stipulation set aside she should repay

the money paid by defendants was decided in Wells v. Penfield, 70 Minn. 66, 72 N. W. 816. That case was not questioned in Gibson v. Nelson, supra, but cited with approval as to the authority of an attorney to stipulate for the dismissal of an action. Bray v. Doheny, 39 Minn. 355, 40 N. W. 262, and Rodgers v. United States Dominion Life Ins. Co. 127 Minn. 435, 149 N. W. 671, and cases therein cited, indicate the broad authority an attorney has to stipulate for judgment. That the client must repay what his attorney has received from the other party to the action, as a condition to relief against a judgment entered upon an unauthorized stipulation, was held in Dalton v. West End St. Ry. Co. 159 Mass. 221, 34 N. E. 261, 38 Am. St. 410.

The decisions, almost uniformly, seem to hold that, where judgment has been entered for a plaintiff, and his attorney without authority accepts less than the judgment in full satisfaction or compromise thereof, the judgment will be reinstated or the satisfaction set aside, but the amount received by the attorney in cash will always be applied upon the judgment. It is never lost to defendant. Lowman v. Elmira C. & N. R. Co. 85 Hun, 188, 32 N. Y. Supp. 579 (affirmed without opinion in 154 N. Y. 765, 49 N. E. 1099; Black v. Drake, 2 Colo. 330; Kaiser & Bro. v. Hancock, 106 Ga. 217, 32 S. E. 123; Faughnan v. City of Elizabeth, 58 N. J. Law, 309, 33 Atl. 212; Philadelphia & R. R. Co. v. Christman, 4 Penny, (Pa.) 271. And to the same extent did an unauthorized settlement of an attorney protect the opposite party in Davis v. Severance, 49 Minn. 528, 52 N. W. 140. The only authorities found to the contrary are: Miller v. Lane, 13 Ill. App. 648; Rohr v. Anderson, 51 Md. 205; and Hamberger v. White, 54 Okl. 736, 154 Pac. 576.

It is true, Marple v. Minneapolis & St. L. R. Co. 115 Minn. 262, 132 N. W. 333, Ann. Cas. 1912D, 1082, decides that it was not necessary for plaintiff to make restitution, since what has been received may be adjusted in the verdict. It will be noted, however, that the contract of settlement was there pleaded as a defense and was held void for the fraud of defendant's agent in obtaining it. No relief from a stipulation for judgment was needed or sought. The same was the situation in Althoff v. Torrison, 140 Minn. 8, 167 N.

W. 119. Of course, in such cases the rule as to the loss falling upon the one who enabled a third party to work a fraud is not applicable. The court should have made the restoration of the money defendants parted with a condition precedent to the relief granted.

The order is reversed with directions to the court below to enter an order in harmony with this opinion.

STONE, J. (concurring in result.)

I concur in the result, but in my judgment there is no room for application of the rule placing a loss as between two innocent persons upon the one whose act has made the loss possible. That rule is not to be so applied as to make every principal responsible for a forgery by his agent where the forgery is made possible by the nature of the business entrusted to the agent. That is not the rule nor one of its intended effects. The fact that the agent happens to be an attorney and acting as such at the time being does not alter the result.

The attorney, no more than the ordinary agent, is authorized by the principal to commit crime. Therefore a client, no more than the ordinary principal, should be held to have made possible the commission of crime so as to relieve from its results a third person who is no more innocent than the principal.

An attorney however is not an ordinary agent. By statute and custom he is put in a position of peculiar responsibility and somewhat extended authority. He is authorized to bind his client by stipulation and to receive money paid for the client's account. It is on that somewhat narrowed ground that I concur.

DIBELL, J. (dissenting)

I dissent.

Neither the plaintiff nor the defendant was at fault. No estoppel operates against either. The attorney of the plaintiff had neither implied authority from his professional relationship nor actual authority by his contract to settle her cause of action. A settlement made without the authority of the plaintiff, and procured from the defendant by a forged release purporting to be executed by the plain-

tiff, without which the settlement would not have been made, is not a bar and may be disregarded. See Hamberger v. White, 54 Okl. 736, 154 Pac. 576; Miller v. Lane, 13 Ill. App. 648; Riley v. Boston, Elevated Ry. Co. 195 Mass. 318, 81 N. E. 197; Jones v. Inness, 32 Kan. 177, 4 Pac. 95; Gibson v. Nelson, 111 Minn. 183, 126 N. W. 731, 31 L. R. A. (N. S.) 523, 137 Am. St. 549, Matteson v. Blaisdell, 148 Minn. 352, 182 N. W. 442; Ambrose v. McDonald, 53 Cal. 28; Helfer v. Spunner, 147 Ill. App. 448; Dorman v. Arkin, 120 N. Y. Supp. 757; Danziger v. Pittsfield Shoe Co. 204 Ill. 145, 68 N. E. 534. These cases either hold or fairly illustrate the propositions stated.

The attorney made the settlement, successfully imposing upon the defendant, through the device of a forgery. The loss should fall upon the defendant, whom he induced to act upon the release as genuine, instead of upon the plaintiff, equally innocent, the only reason assigned for placing it upon her being that the forger was her attorney. The principle that when one of two innocent persons must suffer from the act of a third person the one who made the act of the wrongdoer possible must bear the loss is without application. If it were so the one whose agent of limited authority forges a settlement or other paper must always suffer.