Bruce Gershman, David G. Roston, Segal & Roston, Minneapolis, for respondent.

Barbara Burke, Mark Gwin, Minneapolis, for appellant.

Heard, considered and decided by WOZNIAK, P.J., and FORSBERG and NIERENGARTEN, JJ.

**DuWayne M. REHNELT, Respondent,**

v.

**Robin A. STUEBE, Appellant.**

**No. C9–85–1781.**

Court of Appeals of Minnesota.

Jan. 14, 1986.

Review Granted Mar. 14, 1986.

### SUMMARY OPINION

WOZNIAK, Judge.

### FACTS

DuWayne Rehnelt commenced a negligence action seeking reimbursement for uncompensated economic loss incurred by him as a result of a two-car accident. For the purposes of the action, the parties stipulated that Robin Stuebe's negligence was the cause of the accident. At the time of the accident, Rehnelt's vehicle was not in-

sured under a plan of reparation security. Thus, he did not have no-fault coverage for basic economic loss benefits. As a result of the accident, Rehnelt incurred medical expenses of $785. Upon cross-motions for summary judgment, the trial court held Rehnelt's failure to have no-fault insurance was not a bar to bringing a tort action against Stuebe.

## ISSUE

Can the owner and driver of an uninsured motor vehicle seek recovery in tort for basic economic loss benefits from the driver of another involved vehicle?

## ANALYSIS

The only issue in this case is the interpretation to be given to Minn.Stat. § 65B.51, subd. 2 (Supp.1983):

> **Subd. 2. Right to recover economic loss not included in first party benefits.** A person may bring a negligence action for economic loss not paid or payable by a reparation obligor because of daily or weekly dollar limitations of section 65B.44, the seven-day services exclusion of section 65B.44, the limitations of benefits contained in section 65B.44, subdivision 1, or an exclusion from coverage by sections 65B.58 to 65B.60.

The question is whether the four examples given in this statute are intended to be an exclusive or nonexclusive listing of circumstances under which a tort action may be brought. If the list is exclusive, then a tort action could not be maintained where benefits were not paid because a party was not insured for minimum basic economic loss. If the list is nonexclusive, then the present action could be maintained. We hold the list to be nonexclusive.

First, we recognize that there are constitutional problems if the statute is construed as exclusive. More specifically, the fact that a party is statutorily denied the usual recovery in tort without thereby gaining any offsetting benefits presents equal protection problems. In addition, Article I, section 8 of the Minnesota Constitution provides:

> Every person is entitled to a certain remedy in the laws for all injuries or wrongs which he may receive in his person, property or character; he ought to obtain justice freely and without purchase; completely and without denial; promptly and without delay, conformable to the laws.

Minn. Const. Art. I, § 8 (1857, amended 1974).

Second, if the statute is construed to be exclusive, then certain other limitations or exclusions from coverage in the Act which are not listed in § 65B.51, subd. 2 (such as funeral expenses), will require that some parties be left without compensation for economic loss. Yet, there is no hint in the No-Fault Act that the legislature intended some economic loss to go uncompensated. *See* Minn.Stat. § 65B.42 (Supp.1983). Therefore, we hold that § 65B.51, subd. 2 is nonexclusive, and that the owner of an uninsured vehicle can maintain a tort action to recover medical expenses which are not compensable under any other provision of the No-Fault Act.

## DECISION

The trial court is affirmed.