**Debra CHANEY, et al., Appellants,**

v.

**Shirley LIEBERMAN, Respondent.**

**No. Cl–85–2259.**

Court of Appeals of Minnesota.

May 6, 1986.

Review Granted July 2, 1986.

Bradley J. Behr, St. Paul, for appellants.

Willard L. Converse, Robert C. Bell, St. Paul, for respondent.

Heard, considered and decided by FOLEY, P.J., and SEDGWICK and NIERENGARTEN, JJ.

## OPINION

FOLEY, Judge.

Debra and Richard Chaney appeal from a judgment in a negligence action after a judge other than the trial judge ordered entry of judgment and noted its satisfaction. Appellants argue that the initial trial court erred in offsetting a jury award to Debra Chaney under Minn.Stat. § 65B.51 (1984) for medical expenses incurred when she is not entitled to basic economic loss benefits. We reverse with directions.

## FACTS

After appellant Debra Chaney received a favorable jury verdict and damage award of $58,238.22, the trial court offset the jury award by $16,238.22, the amount attributed to medical expenses incurred prior to trial, and ordered judgment for $42,000. Chaney was not compensated by a no-fault insurer for these expenses because she and her

husband had no insurance on the vehicle in which she was injured.

After the trial court ordered judgment in March 1985, appellants' attorney, John J. Flanagan, agreed with respondent's attorney to a settlement of costs and interest. Shortly thereafter, respondent's insurer sent a check for $45,740, representing the ordered judgment plus costs and interest, to Flanagan along with a proposed stipulation noting the parties' agreement to a partial satisfaction of the judgment. Flanagan forged the appellants' endorsements and kept the entire proceeds of the check. The stipulation was never signed.

In September 1985, respondent moved the trial court for entry of judgment and immediate satisfaction of the judgment for $45,740 by the clerk. This motion was granted.

### ISSUES

1. Does this court have jurisdiction to consider this appeal?

2. Did the trial court err in offsetting Debra's jury award for medical expenses incurred when she was not eligible for no-fault benefits?

### ANALYSIS

1. *Jurisdiction:*

■ Respondent asserts that this court has no jurisdiction to consider this appeal since the trial attorney for appellants settled all claims and accepted payment in satisfaction of the judgment.

Judgment was entered by order of October 23, 1985, by a judge other than the trial judge. This order directed that:

(1) The clerk enter judgment in favor of plaintiffs and against defendant in the amount of $45,740.00.

(2) The clerk enter a notation upon the judgment roll that the judgment has been satisfied.

The order was based on the court's findings, including that:

Before judgment was entered, Flanagan agreed with defendant's counsel to

settle the matter for $45,740.00. A draft was drawn for that amount by defendant's insurer and forwarded to Flanagan. * * *.

Flanagan forged the Chaneys' endorsements, endorsed the draft himself, and took the money. The Chaneys have not received a cent.

Defendant by this motion seeks a satisfaction of the judgment ordered to be entered against her.

As between plaintiffs and this defendant, there is no question as to where the equities lie. Flanagan was plaintiffs' agent, not defendant's. *Flanagan's action in settling the disputed verdict and negotiating the draft provided by defendant's insurer constitutes a full release of defendant.* (Emphasis supplied).

We disagree with respondent and hold that the issue raised on appeal concerning the offset for medical expenses incurred was not satisfied or settled and was properly preserved for appeal. A court may not by its mere fiat, as here, erect jurisdictional barriers to judicial review of properly raised issues. The order exceeded the requests of either party when it found that Flanagan's forged negotiation of the $45,740 check constituted "a full release of defendant," and when it noted a satisfaction rather than a partial satisfaction of the judgment.

Respondent's attorney submitted an affidavit to the court along with his September 1985 motion. This affidavit states in part:

Robert C. Bell was informed by John Flanagan that it was his intention to file an appeal on the question of whether the Court committed error in reducing the verdict by $16,238.22 in ordering judgment.

There was also a dispute between parties as to costs and disbursements that Plaintiffs were entitled to. An agreement was orally reached by the parties' attorneys, to-wit: Robert C. Bell and John Flanagan. This was reduced to a Stipulation prepared by Robert C. Bell.

A copy of the Stipulation is attached hereto marked Exhibit A. * * *.

The referenced stipulation indicates that appellants intended:

[T]o appeal that part of the judgment that determined Defendant is entitled to a $16,238.22 offset from the jury verdict, which amount was awarded to Plaintiffs for medical supplies and hospital expenses up to time of trial.

It also indicates that the parties agreed that:

[T]he Clerk shall enter judgment for Plaintiffs in the amount of $45,740.00 and Plaintiffs will sign a Partial Satisfaction to the extent of $45,740.00. * * * In the event Plaintiffs are unsuccessful in their appeal, the total judgment will have been satisfied.

From respondent's own filed documents, only one conclusion follows: both parties had agreed that the $45,740 payment to Flanagan constituted only a partial satisfaction of the judgment since there was no settlement of the offset issue which appellants intended to challenge on appeal. We hold that the trial court finding in the October 1985 order that "Flanagan's action in settling the disputed verdict and negotiating the draft provided by defendant's insurer constitutes a full release of defendant," is clearly erroneous. We reverse that portion of the order that directs the clerk to "enter a notation upon the judgment roll that the judgment has been satisfied." The trial court exceeded its authority in noting anything more than a *partial* satisfaction of the judgment since appellants properly preserved the offset issue for appeal.[1]

The Minnesota Supreme Court did not find a jurisdictional problem in considering a similar appeal. *See Bartel v. New Haven Township,* 323 N.W.2d 806 (Minn.1982). In *Bartel,* the Minnesota Supreme Court considered a claim that the trial court erred by offsetting Bartel's tort recovery for medical payments received from his no-fault insurer. The court fully analyzed this claim even though respondent had satisfied the judgment (except for the costs and interest). The payment of the judgment only barred *respondent* from challenging its *liability. Bartel,* 323 N.W.2d at 810. Here, appellants have fully preserved their claim of error as did the appellant in *Bartel.*

Respondent asserts that *Boulevard Del, Inc. v. Stillman,* 343 N.W.2d 50 (Minn.Ct. App.1984), applies here. We disagree. In *Boulevard Del,* we held that a judgment that is paid and satisfied of record ceases to have any existence and leaves the trial court with nothing to vacate. Unlike the appellant in *Boulevard Del,* the appellants here did not voluntarily satisfy a judgment and then seek to vacate it. Instead, the appellants accepted *partial* satisfaction of an ordered judgment while preserving their right to appeal the trial court's offset of the jury award.

Even if we interpreted the October 1985 order to mean that the entire judgment was satisfied or settled, such judgment could be set aside under the circumstances here. *See Hernlund v. Town & Country Motors, Inc.,* 159 Minn. 125, 198 N.W. 662, (1924) In *Hernlund,* plaintiff was allowed to pursue a claim against defendant despite her attorney's release of this claim because the settlement and release were unauthorized. The supreme court explains the appropriate remedy as follows:

The decisions, almost uniformly, seem to hold that, where judgment has been entered for a plaintiff, and his attorney without authority accepts less than the judgment in full satisfaction or compromise thereof, the judgment will be reinstated or the satisfaction set aside, but *the amount received by the attorney in*

---

**1.** Our review of the October order is permitted by Rule 103.04 of the Minnesota Rules of Civil Appellate Procedure which provides in part:

[O]n appeal from a judgment [the appellate courts] may review any order involving the merits or affecting the judgment. They may review any other matter as the interest of justice may require.

*cash will always be applied upon the judgment.* It is never lost to defendant. *Id.* at 128, 198 N.W. at 663 (emphasis supplied). Here, appellants do not pursue recovery of the $45,740 misappropriated by their attorney; they are pursuing other avenues for recovery of that sum. Respondent is thus being properly credited with the amount received by appellants' trial attorney. Appellants do not challenge the satisfied portion of the judgment but instead seek reinstatement of the $16,238.22 the jury had awarded Debra Chaney for her pre-trial medical expenses.

### 2. *Set-off:*

■ Although not cited by the parties, *Bartel* is on point since it specifically provides guidelines for interpreting subdivision 1 of section 65B.51. Under the guidelines of *Bartel*, appellant Debra Chaney's verdict was erroneously reduced by the trial court since she was not entitled to receive basic economic loss benefits from a no-fault insurer. *See Bartel*, 323 N.W.2d at 808.[2]

### DECISION

1. The finding in the October 23, 1985 order (by a judge other than the trial judge), that the parties' settlement of the disputed verdict constituted a full release of respondent, was clearly erroneous. We reverse the order for entry of judgment to the extent it holds that the judgment was fully satisfied.

2. The trial court erred by offsetting the jury award for medical expenses incurred by Debra Chaney. We direct the reinstatement of judgment for Debra Chaney in the amount of $16,238.22, together with interest from August 1, 1984, which period of time includes prejudgment interest.

Reversed with directions.

**2.** The parties agree that *Rehnelt v. Stuebe,* 379 N.W.2d 677 (Minn.Ct.App.1986), *pet. for rev. granted,* (Minn. Mar. 14, 1986), controls here. *Rehnelt* interpreted Minn.Stat. § 65B.51, subd. 2

(1984) and held that a party cannot be statutorily denied the usual recovery in tort without thereby gaining offsetting benefits.