## Wellington Watson v. Edward E. Kane.

*Bill of exceptions: Statement of the payment of execution: Record: Writ of error.* The statement in a bill of exceptions, of the payment by the plaintiff in error of the execution issued against him upon the judgment on which the writ of error is brought, cannot be considered as any part of the bill, or of the record, nor would the fact of such payment constitute any objection to sustaining a writ of error to reverse the judgment.

*Justice's courts: Garnishee proceedings: Minutes of examination: Entry on docket.* Whether or not an entry on a justice's docket, instead of on a separate piece of paper to be filed in the cause, of the minutes of an examination of a garnishee defendant, would be a sufficient compliance with the statute (*Comp. L. 1871,* § *6444,*) requiring the justice to "take minutes of such examination and file the same with the other papers in the cause":—*Quære?*

*Entry on justice's docket: Examination of garnishee defendant: Evidence.* Such an entry on the docket, however, would not be admissible against objection to prove the examination, in the absence of any showing that it constitutes the original and only minutes of such examination, and especially not where it appears probable that other minutes were in fact taken and placed in the files.

*Heard October 29. Decided January 6.*

Error to Wayne Circuit.

Kane sued Chester and Maria Ashley before a justice, and garnished Watson. Judgment passed against the principal defendants by default, but in the garnishee proceedings the justice rendered judgment for the garnishee defendant, and Kane appealed to the circuit. In the circuit Kane recovered judgment against the garnishee defendant, who thereupon brought error.

*Maybury & Conely,* for plaintiff in error.

*Kane & Hibbard,* for defendant in error.

CHRISTIANCY, J.

The payment by the plaintiff in error of the execution against him, issued on the judgment on which error is brought, though stated in the bill of exceptions, cannot be considered as any part of the bill, or of the record in this

case; and if it could, it would constitute no objection to sustaining a writ of error to reverse the judgment. The writ of error does not stay execution, unless a bond be given, which the plaintiff in the writ is not bound to give (*Sec. 7120, Comp. L. of 1871*); and the payment upon the execution cannot be treated as voluntary.

The main question in the case is whether the examination of the defendant (plaintiff in error), as garnishee (required by *Sec. 6444, Comp. L. of 1871*), was duly proved. The only proof of it offered on the trial, on the appeal, was the entry upon the justice's docket, which was received against defendant's objection. This entry, if it were shown to be the whole of the examination as taken down at the time, and that no other minutes of the examination were taken down or filed, might perhaps be treated as the proper evidence of the examination, though the statute requires that "the justice shall take minutes of such examination, and file the same with the other papers in the cause." It is true that *section 238* of the justice's act, which prescribes the several matters which it shall be the duty of the justice to enter in his docket, does not require the entry of this examination; but *section 239* of the act would permit him to enter it there, as this section provides that, in addition to the items required by the previous section, "the justice may enter any other proceedings had before him in such cause which he shall think it useful to enter in such docket;" and if the original examination had been entered in full upon the docket, instead of using a separate sheet or piece of paper for that purpose, and filing it, I am not prepared to say it should not be held to be a substantial compliance with the statute.

But the difficulty here is, that this entry is not affirmatively shown to have been the original minutes of the examination, and the whole of it, as taken down at the time, and placed upon the docket, instead of a separate piece, and filed. The justice, in his testimony, says he thinks the disclosure (meaning the examination) is in the files for

the sake of preserving the evidence. He adds further, it is true, "it is also in the docket for the sake of showing what the case was. That is my recollection. It is possible I may be mistaken."

Now, if the minutes of the examination were taken down and filed, as the justice thinks, the paper containing them was the original, and is the best evidence, and the docket entry cannot be substituted for it. It is not customary to enter any evidence at large upon a docket; and the justice in making this entry—it does not appear when—would very naturally enter it in an abbreviated form, stating only what he thought to be its substance.

The justice himself seems not to have understood that he was entering it as evidence, for he says he thinks "the disclosure was in the files *for the purpose of preserving the evidence,*" and that "it is in the docket for the purpose of showing what the case was;" meaning, as fairly to be understood, for the purpose of showing only the nature of the case.

I think, therefore, the court erred in admitting the docket entry as the evidence of the examination.

It is unnecessary to discuss the questions raised upon evidence aside from the defendant's examination, or whether any evidence beyond or in contradiction of that examination was admissible. No exception was taken on the latter ground, and we therefore express no opinion upon it, or whether the statutes have been so amended since the case of *Thomas v. Sprague, 12 Mich., 120,* as to admit evidence controverting the examination of the defendant in the garnishee process. It is not likely that the other exceptions here relied upon will be presented upon a new trial in the same form.

The judgment must be reversed, with costs, and a new trial awarded.

The other Justices concurred.