### ROLETTE COUNTY *vs.* PIERCE COUNTY.

Opinion filed October 28, 1899.

**Appeal From Paid Judgment.**

> A party who voluntarily pays a judgment against him cannot appeal therefrom.

**Payment of Amount for which Judgment is Ordered Bars Appeal from Judgment.**

> A party who voluntarily pays the amount specified in an order for a judgment against him cannot, in case formal judgment is thereafter entered upon such order, appeal from such judgment on the ground that the order was improperly granted.

Appeal from District Court, Benson County; *Fisk,* J.

Action by Rolette County against Pierce County. Judgment sustaining demurrer to complaint, and plaintiff appeals.

Affirmed.

*Burke Corbet* and *John Burke,* for appellant.

*L. N. Torson* and *Steenerson & Rowe,* for respondent.

BARTHOLOMEW, C. J. In 1887 the legislature of the Territory of Dakota created the County of Pierce. See Chapter 180, Laws 1887. In its formation certain townships were segregated from the County of Rolette and incorporated in the County of Pierce. At that time Rolette county was indebted in a certain sum. In June, 1889, Rolette county, the plaintiff and appellant herein, brought an action against Pierce county, defendant and respondent herein, to recover what was alleged to be the proper proportional share of the indebtedness of Rolette county. On July 13, 1889, the defendant served a general demurrer to the complaint. The action had been brought in Rolette county. Pursuant to a proper application, the Court, on July 31, 1889, made an order changing the place of trial to Benson county, and awarding to the defendant motion costs therefor. On August 9, 1889, after full argument, an order was made sustaining the demurrer and dismissing the complaint. On the same day an order for judgment was signed, which reads: "This action having come on to be heard upon the issue of law joined herein, and the court having sustained the demurrer to the plaintiff's complaint and ordered the complaint dismissed, it is now here adjudged that the plaintiff's complaint be, and the same is hereby, dismissed, and that

the defendant do have and recover of and from the plaintiff ten ($10) dollars costs, taxed herein at that sum. Done by the court in vacation, at St. John, Rolette county, D. T., on this 9th day of August, 1889." All these orders were filed in Rolette county. Certified copies of all the papers in the case were sent to, and received by, the clerk of the court of Benson county, but they were never marked filed in that county. On January 18, 1890, Rolette county drew its warrant in favor of the attorney for the defendant for the full amount of the costs in the case. On September 16, 1898, more than nine years after the demurrer had been sustained and the order for judgment signed, an application was made by plaintiff to the proper court for an order on defendant to show cause why said order for judgment should not be set aside, and plaintiff given leave to amend. An order to show cause issued, and upon its return it was exhaustively presented upon voluminous affidavits and record entries. As a result of such hearing, the motion to set aside the order for judgment and for leave to amend was denied, and the clerk of the court for Benson county was directed to enter a formal judgment on the order for judgment signed August 9, 1889, and on February 14, 1899, such judgment was entered, from which judgment plaintiff appeals.

At the threshold of this case, respondent presents the proposition that appellant long since abandoned the case and lost its right to appeal. We think this position must be maintained. Ordinarily claims of this character would become barred in six years. In this case for more than ten years appellant took no steps looking to the enforcement of the claim, and gave no indication that it supposed that it had any claim. Of course, under the circumstances, the bar of the statute did not fall; but considering the unusual laches, for which no reasonable excuse is offered or suggested, it would be improper, even in a law case, to resolve any doubtful matter in appellant's favor. All the members of this court know. that, under the late territorial practice, it was a very common matter to draw a paper in form a judgment such as the court desired, and have it signed by the judge. This paper was treated as the judgment and its subsequent entry by the clerk in the judgment book was regarded as a perfunctory matter. This practice, as this Court has repeatedly held, was a misconception of the statute. *In re Weber,* 4 N. D. 119, 59 N. W. Rep. 523; *Field* v. *Elevator Co.,* 5 N. D. 400, 67 N. W. Rep. 147. But the practice prevailed with many practitioners of good stating, and it is perfectly clear that such was the practice in this case.

What is called in this record an order for judgment, and which is hereinbefore copied, is in all respects a judgment in form. It says: "It is now here adjudged that the plaintiff's complaint be, and the same is hereby, dismissed, and that the defendant do have and recover," etc. That language in a judgment book would constitute a judgment. It was treated as a judgment. Both parties knew that it was signed. The costs were agreed upon and inserted therein.

Subsequently it was paid, and we think that it never occurred to any one to treat it other than as a judgment until after the decisions above cited were rendered, and it developed that no judgment had ever been entered in the judgment book for Benson county. One who voluntarily pays a judgment cannot appeal therefrom. *Borgalthous* v. *Insurance Co.*, 36 Iowa, 250. A voluntary payment by an appellant pending an appeal is ground for dismissal of the appeal. *Hipp* v. *Crenshaw*, 64 Iowa, 404, 20 N. W. Rep. 492. But let us suppose that appellant treated it simply as an order for judgment; it is entirely competent for a party against whom such an order has been made, for the purpose of avoiding further costs, to voluntarily pay the specified amount, and thus remove all necessity for a judgment. Should formal judgment be entered nine years thereafter, could he be heard to appeal therefrom on the ground that the order was improperly entered? There is no authority known to us that would support such a course. We can find no warrant for disturbing the judgment in this case, and it is affirmed. All concur.