## WELLS v. WELLS.

Where the proof in a divorce action wholly failed to show plaintiff's right to a divorce, but show that defendant should not be required to live with plaintiff, the trial court properly granted defendant a separate maintenance on her cross-complaint.

That the court has no jurisdiction over the cause of action for a divorce alleged in the complaint, because plaintiff was not a resident, would not affect its jurisdiction of a cross-complaint praying a separate maintenance.

A wife need not reside in the state any specified time in order to sue for separate maintenance; the statute requiring a certain residence in order to sue for a divorce not applying.

The cross-complaint, asking a separate maintenance in a divorce action, which was served long before the action was tried, alleged that plaintiff, the husband, was guilty of improper relations with a certain woman. No continuance was asked at trial to obtain her testimony; but, after rendition of the decree, plaintiff secured her

affidavit denying cross-complainant's testimony as to such improper relations, and also filed his affidavits stating his efforts to secure such witness at trial.  **Held,** that the evidence of such woman involved no question of newly discovered evidence, but merely of the discovery of the whereabouts of an absent witness, so that complainant was not entitled to a new trial to procure her evidence, as he should have asked a continuance for that purpose.

(Opinion filed, March 29, 1911.)

Appeal from Circuit Court, Butte County.  Hon. W. G. Rice, Judge.

Action by George S. Wells against Maud B. Wells.  From a judgment for defendant and an order denying a new trial, plaintiff appeals.  Affirmed.

See, also, 26 S. D. 70, 127 N. W. 636.

*Maxwell & Armstrong* and *A. J. Plowman,* for appellant. *John R. Russell* and *Samuel C. Polley,* for respondent.

WHITING, J.  This is an action for divorce in which defendant, answering, denied the alleged grounds of divorce, and, by way of cross-complaint, set forth facts which she claimed entitled her to, and she asked for, a decree of separate maintenance, but did not ask for a divorce.  The defendant denied the allegation of the complaint to the effect that appellant was a bona fide resident of this state, and in her cross-complaint, while setting out the fact that she had been, for a number of months, a resident of this state, there was no allegation that she was such resident of the state at the time this action was brought, or at the time of filing the cross-complaint.  The cause was tried before the court without a jury; findings of fact and conclusions of law were made and entered in favor of the defendant; and, a motion for new trial having been denied, the plaintiff appealed to this court from the judgment entered and from the order denying a new trial.

The assignments of error are very numerous; but, in so far as such assignments go to the question of the sufficiency of pleadings, the introduction of evidence, or the sufficiency of the evidence to sustain the findings of the trial court, we are satisfied that they show no reversible error, and no questions arise upon

such assignments warranting further discussion herein. In passing we would say that, if this had been an action originally brought by the respondent seeking separate maintenance, there might be some question as to her right to recover under the facts shown by the evidence herein; but when, in connection with the other facts shown, it appears, as it did in this case, that the plaintiff had brought an action for divorce against the respondent, and upon the trial had wholly failed to sustain his cause of action, and it fully appeared that the respondent should not be required to live with him, the trial court was clearly justified in granting separate maintenance to the respondent, and there was no error in its so doing providing such court had jurisdiction of the subject-matter of the cross-complaint herein.

Among other findings, the trial court found that the appellant was not a bona fide resident of the state of South Dakota. The appellant concedes such finding to be correct, and, relying thereon, contends that inasmuch as such lack of residence upon the part of the appellant defeated the jurisdiction of the courts of this state to enter a decree of divorce in his favor, and inasmuch as the respondent did not plead or prove that she was a resident of this state for a period entitling her to bring a divorce action, the trial court had absolutely no jurisdiction to grant the relief prayed for by the respondent. This is the only matter that demands our consideration upon this appeal.

If the respondent had simply answered the complaint herein and had sought separate maintenance merely as an incident to the divorce proceeding, an entirely different situation would present itself; but, in this action, she not only answered the complaint, but she demanded affirmative relief upon her part by way of cross-complaint to which cross-complaint the appellant replied. If, as held in many states, separate maintenance could only be granted in this state as an incident to a divorce action, then the jurisdiction of the court to grant separate maintenance to a defendant might be held to rest upon the jurisdiction of the court, over the prayer for divorce, and, when the complaint was dismissed for want of jurisdiction of the subject-matter owing to

plaintiff's nonresidence, it might well be claimed that the court had no jurisdiction to grant relief to the defendant; but, with the cross-complaint and reply thereto, the fact that the court had no jurisdiction over the cause of action set out in the complaint in no manner affected the jurisdiction of the court over the cross-complaint and reply or answer thereto. The appellant, however, maintains that, under the statutes of South Dakota, the statutory period of residence required to entitle a plaintiff to bring an action for divorce applies to an action for maintenance, and that it was incumbent for the respondent in her cross-complaint to have alleged that she had been a resident of South Dakota for the time prescribed by statute in divorce cases. This contention might be well founded provided the right to bring an action for separate maintenance depended on the right to bring an action for divorce or was a mere incident to a divorce action, but it has long been the law of this state, as decided by this court in Bueter v. Bueter, 1 S. D. 94, 45 N. W. 208, 8 L. R. A. 562, that a wife has full right to go into a court of equity and seek a decree for separate maintenance without asking for a divorce. The reasons given for this holding, as set forth in the above cause, are most full and satisfactory. It must be conceded that all limitations and restrictions against a party's right to bring an action of this nature, owing to lack of residence upon the part of the plaintiff, are dependent upon statutory provisions, and that, even in a divorce action, if it were not for the express provisions of our statute, an action could be brought regardless of the length of residence in this state, and certainly, unless there is some statute prohibiting it, this right of action for separate maintenance should not, in any manner, be restricted so far as the residence of plaintiff is concerned, and should be tried in every respect as a purely personal action following the defendant wheresoever he may be. In some states there are express statutes requiring certain periods of residence before bringing such action; but we have no such statute, and we can see no just reason for their existence. It must be remembered that a judgment for separate maintenance depends for its validity as a personal judgment upon jurisdiction

over the person of the defendant, and, if the appellant is right in his contention, a husband who desired to escape a decree of separate maintenance in favor of his wife, no matter how just and equitable such a decree might be, could avoid such a decree ever being obtained by her by simply moving from state to state, and by betaking himself and his property beyond the boundaries of the state of his then residence whenever his wife should follow him and attempt to become a resident in such state. Certainly our laws are not to be construed as to admit of such a situation, unless there is a clear declaration in the statute to that effect. In the case of Montague v. Montague, 25 S. D. 471, 127 N. W. 639, this court held that the statute providing for residence of plaintiff in a divorce action had no application whatever to a suit brought for purpose of annulling a marriage; and, inasmuch as it is the law of this state, as decided in the Bueter Case, supra, that courts of equity have the inherent power to entertain suits for separate maintenance where divorce is not sought, the reasoning of this court in the Montague Case applies directly upon the proposition before us. It is clear therefore that the appellant is wrong in his contention.

The appellant claims that this court had no jurisdiction to grant the relief prayed for, because the alleged wrongful conduct on the part of the appellant took place in a foreign state, and neither of the parties were bona fide residents of this state. This contention is answered by what we have said above. The conduct of the guilty party, wheresoever it may have occurred, gives rise to the right on the part of the innocent one to bring an action for separate maintenance, such right of action follows the guilty one wheresoever he may go, and the wronged party cannot be debarred therefrom by the defendant's removal from the scene of wrongdoing.

One of the grounds upon which a new trial was requested was newly discovered evidence. The facts bearing upon this question are, in brief, as follows: The respondent in her cross-complaint alleged that appellant was guilty of improper relations with one Miss Dye. This cross-complaint was served a long time

before the action was tried. Upon the trial of the action no continuance was sought for the purpose of obtaining the testimony of Miss Dye; but, after the decree was rendered herein, the appellant procured the affidavit of Miss Dye, in which she specifically denies and disputes the testimony of respondent and respondent's father in regard to this particular charge of misconduct. Appellant, in his own affidavit, sets forth a statement of his efforts to procure this witness at the trial. The court refused to grant a new trial upon this affidavit, and it was clearly correct in such holding. This matter comes directly under the ruling of this court in State v. Barnes, 26 S. D. 268, 129 N. W. 117, wherein this court pointed out that facts such as stated above present, not a question of newly discovered evidence, but a question of the discovery of the whereabouts of an absent witness, and that it was the duty of a party to seek a continuance for the purpose of procuring the testimony of the absent witness.

The judgment of the trial court and order denying a new trial are affirmed.