## STATE v. PEOPLE'S ICE COMPANY.[1]

October 30, 1914.

Nos. 18,931—(7).

**Appeal after voluntary payment of fine.**

The defendant, a foreign corporation, indicted for a violation of the statute prohibiting an unlawful combination in restraint of trade, sought an opportunity to change its plea of not guilty to guilty and receive sentence. The sentence immediately imposed was a fine which was at once paid. Six months thereafter, lacking a few days, this appeal was taken. Upon the state's motion to dismiss the appeal it is made to appear that appellant

[1] Reported in 149 N. W. 286.

paid the fine voluntarily with the intention to abide by and comply' with the sentence of the court, and hence the appeal should be dismissed.

The People's Ice Company was indicted by the grand jury of Ramsey county of unlawfully entering into a combination in restraint of trade which tended to control and regulate the price of ice, was tried in the district court for Dakota county before Johnson, J., and a jury, convicted and sentenced to pay a fine of $2,000. From the judgment and sentence the People's Ice Company appealed. The state made a motion to dismiss the appeal on the ground that prior to the taking of the appeal the appellant voluntarily paid the judgment, and that under such circumstances an appeal does not lie from a judgment imposing a fine.

*John F. Fitzpatrick,* for appellant.

*Lyndon A. Smith,* Attorney General, and *C. Louis Weeks,* Assistant Attorney General, for respondent.

HOLT, J.

The state moves to dismiss the appeal for the reason that appellant, subsequent to the judgment and prior to the appeal, voluntarily paid the fine, the only penalty imposed by the judgment.

The appellant contends that it has the statutory right to appeal within six months after the judgment is pronounced; that the satisfaction of the judgment does not affect this right to appeal; that the payment of a fine cannot be held voluntary, since appellant had property subject to execution; and that, since the stay of execution on appeal in a criminal case is a matter of grace and not of right, the payment of the fine should not be held to be in any sense voluntary or an acquiescence in the sentence. There is much force in these contentions fortified by decisions holding that, even in the absence of statutory provisions, a litigant in a civil action, who pays a judgment rendered against him, may still prosecute his appeal and in case of reversal recover back the amount paid in satisfaction of the judgment. The analogy is strong between the right to appeal in a civil action, as affected by the payment of the judgment, and the one to appeal in a criminal case where the sentence has been carried out.

Johnston v. State, 172 Ala. 424, 55 South. 226, Ann. Cas. 1913E, 296; People v. Marks, 64 Misc. (N. Y.) 679, 120 N. Y. Supp. 1106; Barthelemy v. People, 2 Hill (N. Y.) 248, and the note to State v. Conkling, in 45 Am. St. 271. In Commonwealth v. Fleckner, 167 Mass. 13, 44 N. E. 1053, it is said: "We should be slow to suppose that the legislature meant to take away the right to undo the disgrace and legal discredit of a conviction merely because a wrongly convicted person has paid his fine or served his term. * * * Of course the payment of the fine in accordance with the sentence was not a consent to the sentence but a payment under duress." The authorities which hold to the contrary proceed on the theory that, when the sentence is executed either by imprisonment or payment of the fine, there no longer exists a judgment from which to appeal. The suit is ended. To this effect may be cited: State v. Westfall, 37 Iowa, 575; Commonwealth v. Gipner, 118 Pa. St. 379, 12 Atl. 306; People v. Leavitt, 41 Mich. 470, 2 N. W. 812; Madsen v. Kenner, 4 Utah, 3, 4 Pac. 992; Washington v. Cleland, 49 Ore. 12, 88 Pac. 305, 124 Am. St. 1013, and cases cited in note to Johnson v. State, 30 Ann. Cas. 300.

It is not necessary to determine which line of authorities should be followed, for we are persuaded that here appellant voluntarily paid the fine and fully acquiesced in the sentence. There can be no purpose to remove the stigma of conviction by this appeal, for appellant pleaded guilty to the offense charged. The appeal can involve nothing but the propriety of a fine or the amount thereof. The state shows that Mr. Wells, the president of the appellant, a foreign corporation, had been found guilty upon a trial under an indictment charging him, this appellant, and others with an unlawful combination in restraint of trade, an offense under section 8973, G. S. 1913. He had obtained a stay. While the stay was pending he and the attorneys for appellant sought the prosecuting attorney and expressed the desire to have the whole matter settled. To that end they prevailed upon the prosecuting attorney to arrange with the judge who tried the case to come to the county seat of Dakota county, the place of trial, and hold a special term for that purpose. This was done. Wells, or his attorneys, requested that the stay as to him be

vacated and sentence imposed. He was fined and paid the fine. He also, as president of appellant, withdrew appellant's plea of not. guilty and entered a plea of guilty. The sentence was a fine of $2,-000. At once Wells produced the money and paid the fine. This occurred on December 13, 1913. No dissent to the form of the sentence, or to the amount of the fine was then suggested. Thereafter nothing occurred to indicate that appellant was in any manner aggrieved by the sentence until June 11, 1914, when this appeal was. taken. Appellant, in the meantime, acquiesced in the entry of judgment ousting it from doing business in the state, in an action brought by the attorney general, because of its acknowledged violation of the statute. We hold that the whole course of appellant in procuring a special session of court to be held so as to allow it to change its plea to guilty, its payment of the fine without the slightest suggestion that either a fine, or the amount thereof, was not proper, and the long. delay in taking the appeal, tends to show that the payment was voluntary, to the end that the whole prosecution should be terminated and settled. The state and prosecuting authorities were led to believe and act on that understanding. And we fully believe that the president of appellant, when he entered the plea of guilty for it and immediately produced the $2,000 in cash and paid the fine imposed, did so with the full intention, acting for appellant, to abide by and satisfy the sentence of the court. This is more of a voluntary payment than the facts disclosed in De Graff v. County of Ramsey, 46 Minn. 319, 48 N. W. 1135. This money was at once paid to the proper officers, presumably distributed to the proper funds, and has, undoubtedly been used. This is and of itself may not be material,. for we may well say that the sense of fairness is so well developed in the public conscience that the legislature would make provision to reimburse one who under legal compulsion has paid into the state treasury or to public funds money which in justice and right should not have been paid; but it is a circumstance to be considered in determining whether the payment of the fine imposed was voluntary, for appellant was represented by a capable officer, and able attorneys and knew that public authorities would receive, distribute and use the money for designated purposes.

The appeal should be and it is dismissed.