# VICTOR H. GRAN v. OLGA GRAN.[1]

### April 30, 1915.

### Nos. 19,152—(97).

**Divorce — appeal from judgment.**

The rule that a party may not accept part of a judgment which is beneficial, and then attack by appeal the judgment through which he received the benefit, is not applicable in an action of divorce where the defendant's attorney accepted the fee awarded him and satisfied that part of the judgment, and then appealed from the remainder of it. [Reporter.]

**New trial.**

New trial granted because trial judge, in giving supplemental charge to jury, gave a very able and persuasive argument in favor of plaintiff which could only

[1] Reported in 152 N. W. 269.

be sustained on the ground. that the evidence was conclusive in his favor,
[Reporter.]

Action for divorce in the district court for St. Louis county. The case was
tried before Cant, J., and a jury which returned an affirmative answer to the
question whether defendant had committed adultery with a certain person and a
negative answer to the question whether plaintiff had committed adultery. The
court made findings and ordered judgment dissolving the marriage relations of
the parties, and awarding the custody of the minor children to plaintiff. From
an order denying her motion for a new trial, defendant appealed. Reversed and
new trial granted.

Benjamin M. Goldberg, James A. Wharton and J. A. P. Neal, for appellant.
A. E. McManus and John E. Manthey, for respondent.

PER CURIAM.

This is an action for divorce on the ground of adultery. Defendant made
countercharges of adultery and cruelty. There was a trial to a jury, which found
plaintiff's charges true and defendant's not true. The court made findings in
favor of plaintiff, granting an absolute divorce with the custody of the children,
directing plaintiff to pay defendant's attorney, within three months, the sum
of $150 as attorney's fees, and that he pay defendant a specified sum per week
for her support during a stated period. A motion for a new trial was made and
denied and judgment entered in accordance with the decision. Thereafter and
within the three months, plaintiff paid to defendant's attorney the attorney's fee
named, and the latter satisfied this part of the judgment. Defendant appealed
from the order denying a new trial and also from the judgment.

We deny the motion to dismiss the appeal, which is based on the acceptance by
defendant's attorney of the attorney's fee awarded by the court, and the satis-
faction by him of that part of the judgment. The case is not within the rule
that a party may not accept a part of a judgment that is beneficial, and then
attack by appeal the judgment through which he received the benefit.

There would be no difficulty in sustaining the order and judgment appealed
from but for the "supplemental charge" of the trial court. After a trial of some
14 days the jury retired to consider the two questions submitted to them, and
they had the assistance of full, clear and correct instructions. After long de-
liberation they reported differences of opinion on the first question, that of the
truth of the charge against defendant, and asked certain questions of the court.
The supplemental charge was then given. The court was evidently strongly im-
pressed that the verdict ought to be in favor of plaintiff and conceived that justice
would be thwarted if the verdict was the other way or if the jury disagreed.
The result was a very able and persuasive argument in favor of plaintiff, and a
verdict was soon reached. The charge was such that giving it can only be sus-

tained by saying that the evidence was conclusive or so overwhelming in plaintiff's favor that the court would have been justified in granting judgment notwithstanding a verdict for defendant. We have reached the conclusion that we cannot say this. It follows that there must be a new trial.

The judgment and order appealed from are reversed and a new trial granted.