KERR, Respondent, v. KERR, Appellant

(54 N. W.2d 357)

(File No. 9265.   Opinion filed July 14, 1952)

**E. V. Morrill,** Sturgis, **Francis J. Parker,** Deadwood, for Defendant and Appellant.

**Bangs & McCullen, H. F. Fellows,** Rapid City, for Plaintiff and Respondent.

ROBERTS, J.   On January 17, 1947, plaintiff obtained in the circuit court of Pennington county a decree granting her a divorce from the defendant, awarding to her custody of their minor children, and requiring defendant in accordance with the stipulation of the parties to pay the sum of $10 per month for the support of each of the four minor children.   On December 22, 1948, the trial court after hearing modified the decree to require monthly payments of $30 for the support of each of the minor children and to provide that such payments "shall constitute a lien upon all of the property, or property rights, held by the defendant from and after the 6th day of October, 1948." Defendant has appealed from an order entered on June 1, 1951, further modifying the divorce decree.   The pertinent portions thereof read:

"It is hereby ordered, adjudged and decreed that the defendant, Floyd K. Kerr, shall pay to the plaintiff as support money for the minor children of these parties, namely: Shirley Kerr and John Kerr the sum of $60.00 per month for each child, such payments to commence as of June 1, 1951, and such payments to continue until each such child shall attain the age of 18 years; when either child shall attain the

age of 18 years, the aforesaid payment for such child shall thereupon cease, or until further order of the Court:

"It is further ordered, adjudged and decreed that defendant, Floyd K. Kerr, shall forthwith pay to Bangs & McCullen and H. F. Fellows, attorneys for plaintiff, the sum of $350.00 as attorneys' fees for their services in connection with the fotion for modification of said judgment and the further sum of $600.00 as attorneys' fees for their services in that certain declaratory judgment action in which the defendant, Floyd K. Kerr, and his wife Inga B. Kerr each separately seek to litigate the question of authority of this Court to impress the judgment rendered herein for support money with a lien upon the property of defendant; * * *.

"The Court specifically finds that there has been such a change in the conditions of finance and health of these parties and in the prevailing economic conditions to warrant the aforesaid modification.

"It is further ordered, adjudged and decreed that all the support money payments provided for herein shall continue upon and after the death of said Floyd K. Kerr, defendant, and shall, until provisions of this decree are fully complied with, constitute a valid enforcible lien and claim against the assets of any estate which he may leave."

Three principal questions are presented. It is insisted that the evidence did not warrant an increase in allowance for support. The second question has to do with allowance of counsel fees. The third question involves the authority of the court to declare the decree for support a lien on the property of the defendant.

It is necessary in order to consider the questions involved to state briefly the facts and the situation of the parties. Under the terms of a property settlement defendant conveyed to the plaintiff a 320 acre tract of land in Meade county. Defendant owned no other property and had only a limited income. Defendant remarried. He shared equally with his present wife in the estate of his father, William Kerr, who died testate in September, 1948. The estate consisted of three residential properties in Rapid City, a hundred acre farm in Mercer county, Illinois, and about

$19,000 in bank deposits and securities. On December 7, 1948, defendant conveyed to his second wife all his interest in the estate. The claimed consideration was her agreement to administer the property for his benefit during his lifetime and to make a will devising the property to him. On February 16, 1949, plaintiff instituted a separate action against her former husband and his wife for a declaratory judgment decreeing that payments for support of the minor children constitute a lien on all properties owned by him on and after October 6, 1948. Plaintiff claims that her health has been impaired and that her earnings have substantially diminished. It was upon this record that the trial court entered the order modifying the divorce decree from which defendant has appealed.

■■ The statutes of this state relating to allowance for child support vest the court with discretion to modify and revise such allowance as changed conditions may require. SDC 14.0724, 14.0726; Van Diepen v. Van Diepen, 73 S.D. 366, 43 N.W.2d 499. The court need not confrom to the prayer of either a complaint or application, but in exercising its statutory authority may take such action as the situation justifies. Marks v. Marks, 22 S. D. 453, 118 N.W. 694. Defendant in the court below contended that the circumstances of the parties since the modification of the decree on December 22, 1948, had not sufficiently changed to warrant a further modification. The record discloses that there has been a material change in the earning capacity of the plaintiff since the amendatory decree referred to was entered. From her testimony it appears that earnings from keeping roomers and boarders contributed to the maintenance of a home for the minor children, but because of physical ailment she is no longer able to conduct a boarding house. There appears to be no uncertainty concerning the ability of the defendant to pay for the support of his children and the evidence reviewed justified a modification of the decree under the statutory power granted to the court.

■ It is asserted that the allowance of counsel fee in the amount of $350 in the modification proceedings as to child support is excessive. We understand that defendant has complied with the order as to the payment of such al-

458

lowance. There is some lack of accord in the decisions as to the effect of the voluntary payment of a judgment, order or decree upon the right to appeal. 4 C.J.S., Appeal and Error, § 214. We think that the voluntary payment of a counsel fee awarded under the decree precludes a review of that portion of the decree.

■ As to the allowance of fee for the services rendered by attorneys for the divorced wife in the declaratory judgment action counsel argue that disqualification of Judge Rudesill in that action terminated his authority to allow counsel fees and that there was no evidence before the court as to the nature and value of the services for which an allowance was made. They do not urge that a trial court in a divorce action has no power to award reasonable counsel fees to prosecute or defend litigation relating to the support of a child or children of a marriage. Upon the filing of an affidavit of prejudice in the declaratory judgment action, Judge Rudesill was disqualified under the provisions of SDC 33.1209 to proceed further in that action, but the allowance in the divorce action to enable plaintiff to pay for the services of attorneys in the declaratory judgment action did not constitute an assumption of jurisdiction in the subsequent action wherein the affidavit of prejudice had been filed.

■■ The trial court is an expert upon the value of legal services and may consider his own knowledge and experience. Wright v. Wright, 58 S. D. 612, 237 N.W. 896. The judge of the court in which an action is tried has knowledge of the character of the litigation and may make appraisal of the reasonable value of services rendered with or without the aid of testimony. But we do not believe that the court in the instant case could arrive at a proper amount to be allowed, if allowed at all, in the absence of evidence.

This brings use to the question whether the court had authority to declare the decree awarding payments to the wife for support of the children a lien on the property of the defendant.

■■ A judgment for alimony or support payable in stated monthly installments and not for a fixed gross sum does not by force of the statute relating to judgments in

general become a lien as an ordinary judgment for money. SDC 33.1717; Yager v. Yager, 7 Cal.2d 213, 60 P.2d 422, 106 A.L.R. 664; Mansfield v. Hill, 56 Or. 400, 107 P. 471, 108 P. 1007; Bashore v. Thurman, 152 Okl. 1, 3 P.2d 712, 79 A.L.R. 249. There is no express statutory provision authorizing a court in a divorce decree to declare and impress a lien on the property of the husband to secure future payments for support.

SDC 14.0726 provides that "where a divorce is granted for an offense of the husband, the court may compel him to provide for the maintenance of the children of the marriage". SDC 14.0728 provides that "the court may require the husband to give reasonable security for providing maintenance, or making any payments required under the provisions of this chapter, and may enforce the same by the appointment of a receiver, or by any other remedy applicable to the case. * * * The court, in rendering a decree of divorce, may assign the homestead to the innocent party, either absolutely or for a limited period, according to the facts in the case, and in consonance with the law relating to homesteads."

In Harding v. Harding, 16 S. D. 406, 92 N.W. 1080, 1082, 102 Am.St.Rep. 694, this court referring to the provisions of Section 2585, Comp. Laws 1887, now Section 14.0728, supra, specifically held that "both under the liberal provisions of our statute and the general powers invested in courts of equity, it was perfectly competent for the circuit court to so far modify the original judgment as to make the alimony a lien upon the homestead in the possession of the defendant." The plaintiff in that case was prevented under the statute relating to ordinary judgments from having satisfaction of her judgment for an allowance in a gross sum against her former husband because the property involved was a homestead. The following excerpt from Gaston v. Gaston, 114 Cal. 542, 46 P. 609, 55 Am.St.Rep. 86, referring to identical statutory provisions was quoted therein with approval:

"Appellant claims that the effect of this section is to render void the portion of the judgment imposing a lien on his land; that the power of the court was limited to exacting

460

security from him. We think the law is otherwise. With us, an action for divorce is treated as a case in equity (Wadsworth v. Wadsworth, 81 Cal. 182, 187, 22 P. 648); and the statute ought not to be construed as abridging the power exercised by courts having cognizance of matrimonial causes— commonly, though not always, as a branch of their chancery jurisdiction—to declare a lien for securing the award of support to the wife in such cases. Said the supreme court of Ohio, of a judgment like the present, except that it omitted the provisions for a lien: 'That it is within the legitimate power of the court to make such decree a charge upon real estate we have no doubt, and it has been the practice so to do in cases where it is deemed proper.' Olin v. Hungerford, 10 Ohio, 268. And such is the current authority with but little dissent."

In jurisdictions holding that a decree for periodical payments may not be declared a lien, it is said that the matter of divorce and separation is purely statutory and that a court of equity is without inherent power to make a decree a lien on the property of the husband. See annotations in 79 A.L.R. 252 and 169 A.L.R. 633. The lien created in Harding v. Harding, supra, was not for payments to accrue, but the identical question in the instant case of the inherent power of the court to subject the property of the husband to a lien was before the court. We reaffirm the rule there announced. See, also, Bueter v. Bueter, 1 S. D. 94, 45 N.W. 208, 8 L.R.A. 562; Wells v. Wells, 27 S. D. 257, 130 N.W. 780; Milliron v. Milliron, 9 S. D. 181, 68 N.W. 286, 62 Am.St.Rep. 863; Tuttle v. Tuttle, 26 S. D. 95, 127 N.W. 637; Houghton v. Houghton, 37 S. D. 184, 157 N.W. 316.

Granting that the court has power to impose a lien to secure periodical payments, defendant contends that the court should not unjustly impose a lien on whatever property defendant may own, but should specifically describe the property affected and not include more property than is necessary to secure such payments. It appears from the record that the present wife of the defendant claims title by transfer to all property which defendant inherited from his father. If the decree is not a lien on this property, it cannot possibly harm the defendant and he is not aggrieved.

What rights, if any, his present wife may have in this property, or the effect of the decree herein on such rights, are questions which are not now before this court. As said before, such controversy is presented in a separate action. We do not determine what, if any, redress defendant may have if after determination of the rights of the parties it should appear that the decree is a lien on the property in this jurisdiction inherited from his father and that the same attached to more property than necessary to secure future payments for support.

The portion of the decree appealed from providing for the payment of counsel fees for services in the declaratory judgment action is reversed and the cause relative thereto is remanded for further proceedings. The decree in other respects is affirmed.

All the Judges concur.