RAYMOND J. ECKERLY, JR. v.
LAKE REGION SIGN COMPANY.

148 N. W. (2d) 158.

January 20, 1967—No. 40,151.

*Pierro, Johnson & Pieri, Richard W. Johnson,* and *Stewart R. Perry,* for appellant.

*Faegre & Benson* and *Wright W. Brooks,* for respondent.

MURPHY, JUSTICE.

This is an appeal by plaintiff from an order dated September 18, 1965, vacating a default judgment, and from a supplementary order relating thereto dated October 13, 1965. As a condition for granting the order, the trial court provided that the judgment debtor pay plaintiff the sum

of $775 within 30 days from the date thereof as attorneys' fees and expenses. The supplementary order provided for details and manner of payment. The amount was paid as provided in the supplementary order and was accepted by plaintiff on October 19, 1965.

Defendant has moved to dismiss this appeal on the ground that plaintiff, by accepting the $775, waived his right to appeal from the order vacating the default judgment. The point raised by plaintiff is that the court allegedly abused its discretion in granting the motion to open or vacate the default judgment.

From the record it appears that defendant, Lake Region Sign Company, is a corporation, and Charles H. Svendsen is its president. Plaintiff, Raymond J. Eckerly, was injured while in the employ of defendant on December 2, 1962. He brought action against defendant asking for damages resulting from the alleged negligence of defendant and its employees in the sum of $100,000. No answer was interposed and judgment by default in the sum of $100,000 was entered on January 18, 1965. There appears to have been a question as to whether Lake Region Sign Company had insurance coverage. Prior to the time the default judgment was proved, Svendsen was assured by plaintiff and his lawyer that plaintiff would take his chances on collecting the judgment from the insurance company and that no attempt would be made to recover from either Svendsen or defendant corporation. The action was originally started in Anoka County but, rather than have the judgment become a lien against the property of defendant corporation in that county, a new action was venued in Hennepin County. It does not appear that the first action was dismissed. The record indicates that copies of the summons and complaint in the first action were forwarded to the insurance company but it was not furnished with suit papers in the second action which resulted in the judgment.

After default judgment had been entered and garnishment proceedings instituted against the insurance company, defendant corporation, acting through its president and represented by counsel, moved to have the default judgment vacated under Rule 60.02, Rules of Civil Procedure, which, so far as here material, provides:

"On motion and upon such terms as are just, the court may relieve a

party * * * from a final judgment * * * for the following reasons: (1) Mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59.03; (3) fraud * * * misrepresentation, or other misconduct of an adverse party; * * * (6) any other reason justifying relief from the operation of the judgment."

The motion to vacate was supported by an affidavit of an employee who worked with plaintiff at the time of the accident in which plaintiff sustained injuries. It appears from this affidavit that the accident occurred in an entirely different manner from the version given by plaintiff at the default hearing and that the injuries resulted from plaintiff's negligence. It also appeared from an affidavit by Svendsen that plaintiff is a cousin of Svendsen; and that no answer to the complaint was filed nor was any effort made to interpose a defense. It also appeared that plaintiff and Svendsen were relying on advice from the same lawyer.

In granting the motion to vacate the trial court took the view that the judgment was suspect as having been entered in a sham or collusive proceeding arranged by the parties for the purpose of predicating a claim against defendant's alleged insurer.

■ Before this case was set for argument here, the defendant corporation moved to dismiss the appeal on the ground that plaintiff had accepted the sum of $775 as attorneys' fees and expenses, payment of which was the condition upon which the order was granted. This motion was considered at a special hearing and denied with leave to renew the motion at the time of oral argument. The motion to dismiss has again been urged and the issue is now fully briefed. As we have already indicated, defendant has complied with the order vacating the judgment by filing with the clerk a certified check in the sum of $775, payable to plaintiff and his attorneys. The check was accepted and cashed and a receipt given to the clerk of the district court. Defendant contends that, having cashed the check, Eckerly should not now be heard to say that the trial court erred in opening the default judgment; that it is inconsistent for him to accept the benefit of the court's order and at the same time appeal from it.

The rule is well established that where a plaintiff has accepted an award for costs and expenses ordered paid to him by a defendant as a condition of setting aside a default judgment, the plaintiff will be deemed to have acquiesced in the order and to have waived the right to appeal therefrom. It is stated in 4 Am: Jur. (2d) Appeal and Error, § 257:

"The rule is universal that where, in a procedural matter, a motion or petition is allowed on terms of payment of costs or attorneys' fees to the opposing party — the costs or fees concerned not being those incident to the motion or petition itself — the acceptance of payment by such opposing party waives his right of review."

The above rule is expressed in substantially the same language in Annotation, 169 A. L. R. 985, 1049; Lamprey v. Henk, 16 Minn. 362 (405); Smith v. Coleman, 77 Wis. 343, 46 N. W. 664; Lounsbery v. Erickson, 16 S. D. 375, 92 N. W. 1071; San Bernardino County v. Riverside County, 135 Cal. 618, 67 P. 1047; Parr v. Webb, 40 Mont. 346, 106 P. 353; Clair Marcelle, Inc. v. Agfa Ansco Corp. 250 App. Div. 508, 294 N. Y. S. 929; Silvius v. Brunsvold, 32 S. D. 252, 142 N. W. 944.

Plaintiff relies primarily on Atwood v. Atwood, 229 Minn. 333, 39 N. W. (2d) 103; Gran v. Gran, 129 Minn. 531, 152 N. W. 269; Buffalo Land & Exploration Co. v. Strong, 101 Minn. 27, 111 N. W. 728; Whitaker v. McClung, 14 Minn. 131 (170); and Todd v. Bettingen, 102 Minn. 260, 113 N. W. 906. These authorities may be distinguished. They involve situations where the parties receiving an award of costs or attorneys' fees were entitled to retain them irrespective of the result of an appeal or another trial. In the Whitaker case it was said: "The defendant paid only what he was bound to pay, and the plaintiff received only what he was entitled to receive, irrespective of the demand for a second trial." 14 Minn. 134 (173). And in Buffalo Land & Exploration Co. v. Strong, *supra,* it was said: "In this case defendants paid to plaintiff nothing more than they were under legal obligation to pay, and which could have been enforced against them by execution—a condition not present in [Lamprey v. Henk, *supra*], where payment was optional with defendant." 101 Minn. 30, 111 N. W. 729.

By the provisions of Minn. St. 518.14, a special exception to the general rule is made with reference to the award of attorneys' fees in a divorce action. The court may, in its discretion, allow a wife suitable attorneys' fees even though she is the losing party. A wife is not estopped from appealing from the judgment in a divorce action even though she may have received an award for attorneys' fees. Atwood v. Atwood, *supra;* Gran v. Gran, *supra.* In this case plaintiff was plainly not entitled to the $775 unless the default judgment was opened and by accepting the award he must be deemed to have assented to the opening of the judgment. We accordingly hold that defendant's motion to dismiss should be granted.

■ In view of the disposition we make of this case, it is not necessary for us to review all of the ramifications of the procedural processes relating to entry of the default judgment, the subsequent garnishment proceedings, and the proceedings relating to the motion to reopen the judgment to permit defendant to have a trial on the merits. It is sufficient to say that the action of the trial court here is consonant with the policy of courts to grant relief from a judgment entered by default where to do so is in the interests of justice. This court has said that the discretionary power to open a default judgment is not to be so extended as to encourage loose practice or to be so limited as to make orderly procedure an end in itself rather than a means by which justice is administered. 10 Dunnell, Dig. (3 ed.) § 5012. We have recognized that the goal of all litigation is to bring about judgments after trials on the merits, and for this reason courts should be liberal in opening default judgments. Sommers v. Thomas, 251 Minn. 461, 88 N. W. (2d) 191; Hinz v. Northland Milk & Ice Cream Co. 237 Minn. 28, 53 N. W. (2d) 454; Standard Oil Co. v. King, 238 Minn. 81, 55 N. W. (2d) 710; Rodgers v. United States & Dominion Life Ins. Co. 127 Minn. 435, 149 N. W. 671; Johnson v. Nelson, 265 Minn. 71, 120 N. W. (2d) 333.

Appeal dismissed.

Mr. Justice Peterson, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.