INDUSTRIAL LEASE-BACK CORPORATION *v.*
TOWNSHIP OF ROMULUS

1. APPEAL AND ERROR—SATISFACTION OF JUDGMENT.

Voluntary payment of performance or a judgment bars appellate challenge of the judgment.

2. APPEAL AND ERROR—TOWNSHIPS—COMPULSION TO COMPLY WITH COURT ORDER—DELAY IN APPEAL.

Township's issuance of building permit to plaintiff in accordance with a circuit court order was sufficient to waive the right of the township to appeal the order, where the township issued one building permit four days after the court's order and three more permits nine days after the order, then filed a claim of appeal, fourteen days after the order, and six weeks after the order sought a stay of proceedings in the Court of Appeals, for it cannot properly be said that the compulsion of the circuit court order was so overwhelming that the defendant township was obliged to issue the permits before it could prepare and file a claim of appeal and a motion for a stay of proceedings.

Appeal from Wayne, Thomas J. Murphy, J. Submitted Division 1 April 15, 1970, at Detroit. (Docket No. 7,456.)   Decided April 28, 1970.

Complaint for mandamus by Industrial Lease-Back Corporation to compel Romulus Township, Wayne County, to issue building permits.   Writ issued.   Defendant appeals.   Affirmed.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 4 Am Jur 2d, Appeal and Error §§ 260–263.

*Riseman, Lemke & Piotrowski,* for plaintiff.

*Elsman, Young & O'Rourke,* for defendant.

Before: T. M. Burns, P. J., and Levin and B. H. Davidson,* JJ.

Levin, J. In this mandamus action the defendant township appeals an order of the circuit court directing it too issue building permits. We hold that in the circumstances of this case the township waived its right of appeal when it issued the permits in compliance with the court's order before it filed a claim of appeal and an application with our Court for a stay of proceedings.

The plaintiff commenced this action when it failed in its efforts to obtain the issuance of a building permit for the construction of an industrial building. On August 23, 1968, an order was entered with the consent of both parties[1] providing that "upon proof of compliance with the lawful, valid and pertinent statutes, ordinances and published regulations of all interested governmental agencies, the township of Romulus shall issue building permits" to the plaintiff.

A building permit was issued for one building on October 24, 1968. The plaintiff was not successful in obtaining the issuance of additional building permits.

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

[1] Although the township now denies that it consented to the entry of this order, it appears it was entered with the consent of both parties.

The order contains a recital that it is being entered "upon the approval of both counsel for the plaintiff and counsel for the defendants." At the foot of the order the following statement appears: "Consented to and approved as to form and substance," and beneath this statement the attorneys for both parties signed their names.

Our disposition of the case makes it unnecessary to decide the township's claim that, nevertheless, it did not consent.

The parties again appeared in court on April 25, 1969, and after a brief hearing an order was entered directing the defendant township to issue building permits to the plaintiff authorizing it to construct buildings on the remaining four parcels of property. A permit for one building was issued on April 29, 1969, and permits for the remaining three buildings were issued on May 7, 1969.

On May 8, 1969, the township filed a claim of appeal with our Court from the April 25, 1969 order. On June 6, 1969, the township filed a motion in our Court seeking an order staying "execution and any further proceedings for the enforcement of the order hereon on April 25, 1969". We denied the motion.

The township contends that the trial court acted peremptorily in entering the order of April 25, 1969, without giving the township an adequate opportunity to present evidence in support of its claim that it was not obliged to issue additional building permits pursuant to the order of August 23, 1969, because, effective November 7, 1968, the township zoning ordinance had been amended changing the zoning of plaintiff's property from industrial to residential. The plaintiff responds that it had already expended substantial sums to improve the four parcels for industrial use and that since it was entitled to the issuance of permits for these four parcels under the consent order of August 23, 1968, the change in zoning could not affect its rights under that order.

We are precluded from reaching and deciding these issues on the merits because the township by issuing the permits and fully performing in accordance with the April 25, 1969 order waived its right to challenge that order by appeal and made these issues moot.

The generally prevailing rule[2] that voluntary payment or performance of a judgment bars appellate challenge is well established in Michigan.[3] It may be, however, that payment or performance following the invocation or threatened exercise of a court's contempt power should not be regarded as voluntary or as constituting a waiver of the right to challenge the court's order.[4]

In this case, at the conclusion of the April 25, 1969 hearing, the township requested and was denied a stay of proceedings.[5] It did not, however, seek a stay of proceedings from our Court until six weeks later, June 6, 1969. Nor does it appear that when the four building permits were issued the township acted under the immediate compulsion of the April 25, 1969 order; it waited until four days after its entry

[2] See, generally, 4 Am Jur 2d, Appeal and Error, §§ 260, 262, 272, pp 755–759, 766, 767.

[3] See *Drolshagen* v. *Drolshagen* (1925), 230 Mich 444, 446 (payment of money judgment); *People* v. *Leavitt* (1879), 41 Mich 470 (payment of fine imposed for violation of an ordinance); *People* v. *Pyrros* (1948), 323 Mich 329 (payment of fine for drunk driving; sentence was $100 or 30 days in jail); *Ideal Furnace Co.* v. *International Molders' Union of North America* (1918), 204 Mich 311 (payment of fine imposed for contempt of court); *McCarthy* v. *Wayne Circuit Judge* (1940), 294 Mich 368 (service of five-day sentence for contempt of court, no appeal having been filed until after sentence was fully served).

Payment after issuance of a writ of execution is not voluntary. *Watson* v. *Kane* (1875), 31 Mich 61. But, see *Tong* v. *Wayne Circuit Judge* (1925), 231 Mich 356, holding that payment after filing of an appeal renders the appeal moot, and *Horowitz* v. *Rott* (1926), 235 Mich 369, holding that payment of installment due under a land contract to forestall issuance of a writ of restitution was, nevertheless, voluntary.

[4] See, generally, Anno: Defeated party's payment of satisfaction of, or other compliance with, civil judgment as barring his right of appeal. 39 ALR2d 153. In § 18, at p 183 of this annotation, there are collected the conflicting decisions of the courts of other states on the question whether compliance with a peremptory writ of mandamus cuts off the right of appeal.

[5] GCR 1963, 530.1, provides that no execution shall issue upon a judgment and no proceedings shall be taken for its enforcement until the expiration of twenty days after its entry. However, GCR 1963, 710.9 provides that the automatic stay provided under subrule 530.1 does not apply to judgments in actions brought under rule 714 concerning actions for mandamus.

before issuing one permit and an additional nine days elapsed before the remaining three permits were issued. Not until after it had issued all four permits did it, fourteen days after the order was entered, file a claim of appeal with our Court.

If the township had filed a claim of appeal with our Court within a few days after the April 25, 1969 order was entered and had sought a stay of proceedings and no building permit had been issued until such filings with our Court, or if a stay could only be obtained by posting a supersedeas bond,[6] or if the permits were issued hard on the heels of the court's order because of concern that otherwise officials of the township would be held in contempt, we might take a different view of the matter.

In the light of the delay in complying with the trial court's order in this case, it cannot properly be said that the compulsion of that order was so overwhelming that the defendant township was obliged to issue the permits before it could prepare and file with our Court a claim of appeal and a motion for a stay of proceedings.

Affirmed. Costs to plaintiff.

All concurred.

---

[6] See *Watson* v. *Kane* (1875), 31 Mich 61.