Steven A. BARTEL, Appellant (81–875), Respondent (81–881),

v.

NEW HAVEN TOWNSHIP, Respondent (81–875), Appellant (81–881).

Nos. 81–875, 81–881.

Supreme Court of Minnesota.

Aug. 31, 1982.

Muir & Heuel, Ross Muir and George E. Meinz, Rochester, for Bartel.

Cragg & Bailly, Robert S. Cragg and Dan K. Prochnow, Minneapolis, for New Haven Tp.

KELLEY, Justice.

Appellant, Steven A. Bartel, sustained personal injuries in a one-car automobile accident when the vehicle he was driving left a New Haven Township road at a curve in the road known as "Devil's Kitchen."[1] Appellant sued the township, alleging that it was negligent in failing to post traffic control signs warning drivers of the necessity to reduce speed because of the curve at the end of a steep incline. The jury, by special verdict, found that appellant had sustained damages in the amount of $100,-000 and that appellant and respondent were each 50% causally negligent. The trial court issued Findings of Fact, Conclusions of Law and made an Order for Judgment in which it found that appellant had been paid $13,561.67 in no-fault benefits for past medical expenses by the no-fault insurer of his own vehicle. The court then deducted this amount from appellant's $50,000 tort recovery and ordered entry of judgment against respondent, New Haven Township, for $36,438.33. Appellant's Motion for Amended Findings of Fact, Conclusions of Law and Order for Judgment was denied, and appellant appeals from that order as well as from the judgment entered. Respondent filed a Notice of Review in which it claims it could not be found negligent for the non-performance of the discretionary act of placing traffic control devices. Appellant responds that this issue is not properly before this court because respondent paid the judgment, received a Partial Satisfaction of Judgment and filed the satisfaction with the trial court. We affirm.

1. Appellant claims the trial court erred in deducting the amount of no-fault benefits paid him pursuant to Minn.Stat. § 65B.51, subd. 1 (1980)[2] from his tort

---

1. The curve was not so named because of its dangerousness to travelers on the public highway. Rather, its name grew out of an old local legend that in a "hollow" near the base of the slope and the curve at midnight on a night of a full moon, one could hear babies crying.

2. Minn.Stat. § 65B.51, subd. 1 (1980) provides: With respect to a cause of action in negligence accruing as a result of injury arising out of the operation, ownership, maintenance or use of a motor vehicle with respect to which security has been provided as required

judgment against respondent. Appellant contends that because the tort action was not based upon respondent's operation, ownership or maintenance of a motor vehicle there should have been no deduction. The offset provision applies only when all three requirements of the statute are satisfied: (a) a negligence action, (b) accruing as a result of injury arising out of the operation, ownership, maintenance or use of a motor vehicle, (c) with respect to which security has been provided as required by sections 65B.41 to 65B.71 of Minnesota's No-Fault Act. *See* Steenson, *A Primer on Minnesota No-Fault Insurance*, 7 Wm. Mitchell L.Rev. 313, 382 (1981).

Appellant first contends that the trial court erred when it deducted the economic loss benefits for the reason that the township's negligence did not arise out of the operation, ownership or use of a motor vehicle, and that therefore the second requirement of the statute mandating a deduction was not met. Appellant relies on Minn. Stat. § 65B.51, subd. 5 (1980).[3] Moreover, appellant contends that deducting the no-fault benefits he had received from the tort recovery frustrates the legislative intent underlying the act in that section 65B.51, subd. 1 was designed to apply in situations where insurers of both parties are part of the no-fault system; and that since the township was not a part of that system, respondent's insurer would receive an unwarranted benefit at appellant's expense. Steenson, *supra*, at 387.[4]

In our view, the trial court correctly determined that section 65B.51 is clear and unambiguous. The statute provides:

[T]here shall be *deducted from any recovery* the value of basic or optional economic loss benefits paid or payable or which will be payable in the future * * *. (emphasis added)

This offset provision of section 65B.51 is consistent with a primary objective of the no-fault act, the prevention of duplicate recovery.[5]

It appears to us that in determining whether the deduction provision of section 65B.51 is applicable, the focus is not on how or why a tortfeasor may have been negligent, but rather it is how the tort claimant may have been injured. The fact that respondent was negligent in its failure to post traffic control signs has no effect on the determination of the statutory deduction under section 65B.51, subd. 1. Appellant was injured in an automobile accident in which he was the driver of an automobile. His claim arose out of the use and operation of the vehicle. The fact that appellant was a driver and that he received no-fault benefits satisfies the requirements of the deduction provision.

We recently considered the deductibility issue under section 65B.51, subd. 1 in *Haugen v. Town of Waltham*, 292 N.W.2d 737 (Minn.1980). The core issue in *Haugen*

---

by sections 65B.41 to 65B.71, there shall be deducted from any recovery the value of basic or optional economic loss benefits paid or payable or which will be payable in the future, or which would be payable but for any deductible.

3. Minn.Stat. § 65B.51, subd. 5 (1980) reads: Nothing in this section shall impair or limit tort liability or limit the damages recoverable from any person for negligent acts or omissions other than those committed in the operation, ownership, maintenance, or use of a motor vehicle.

4. Steenson asserts there is no deduction of economic benefits from a tort recovery following an intentional tort or strict liability because section 65B.51 requires the action to sound in negligence. He also contends recoveries in product liability cases or "dram shop" cases

would not be subject to a deduction for no-fault benefits paid. Steenson, *supra*, at 387–88.

5. Minn.Stat. § 65B.42 (1980) lists the following among the purposes of the no-fault act:

(2) To prevent the overcompensation of those automobile accident victims suffering minor injuries by restricting the right to recover general damages to cases of serious injury;

 * * * * * *

(5) To correct the imbalances and abuses in the operation of the automobile accident tort liability system, to provide offsets to avoid duplicate recovery, to require medical examination and disclosure, and to govern the effect of advance payments prior to final settlement of liability.

was whether the court correctly allowed a deduction of $3,000 in future medical expenses from the verdict. We ruled there should be no deduction of future medical expenses on constitutional and administrative grounds, but by implication suggested there should be a deduction for no-fault benefits paid or payable at the time of the judgment.[6] Professor Steenson has observed that under *Haugen,* "only *accrued* basic or optional basic economic losses may be deducted from a tort recovery." Steenson, *supra,* at 384 (emphasis added). In *Haugen,* the fact that defendant's negligence did not arise out of the "operation, ownership, maintenance or use of a motor vehicle" or the fact that the township's insurer was not a part of the no-fault system was not considered relevant to the determination of deductibility of no-fault benefits from tort recoveries. The offset provision of section 65B.51 was specifically designed to prevent double recovery when the claimant's injuries arise out of an automobile accident. Consequently, we conclude the trial court correctly applied the deduction from the tort damage award.

2. On April 8, 1981, the trial court issued Findings of Fact, Conclusions of Law and Order for Judgment in favor of appellant after deduction of the no-fault benefits appellant had received from his no-fault insurer. Entry of judgment was stayed for 30 days. On April 29, 1981, within the 30-day period, respondent voluntarily paid to appellant the principal amount of the judgment, but not interest, costs or disbursements, and took from appellant a Partial Satisfaction of Judgment. Judgment was entered on May 8, 1981, pursuant to the April 8, 1981 order. On or about June 1, 1981, respondent filed the partial satisfaction with the court. Later, on June 11,

1981, and on July 23, 1981, appellant moved to amend the judgment and the findings of fact under Rules 60.02 and 52.02, respectively, of the Minnesota Rules of Civil Procedure. Upon denial of these motions, appellant took this appeal. Respondent township filed a Notice of Review in which it raised the issue that it cannot be found negligent for non-performance of a discretionary act.

A threshold issue is whether respondent can assert this claim in this court on appeal after respondent had voluntarily paid the principal amount of the judgment, received a Partial Satisfaction of Judgment and filed the satisfaction with the court.

We have held that an appeal from an order is barred when the prevailing party accepts the benefit of the order. *Eckerly v. Lake Region Sign Co.,* 275 Minn. 520, 523, 148 N.W.2d 158, 160 (1967). Moreover, we have held that a non-prevailing party who paid a fine, and then subsequently sought to appeal from its imposition, was barred. *State v. People's Ice Co.,* 127 Minn. 252, 149 N.W. 286 (1914). Other jurisdictions generally hold that voluntary payment or performance pursuant to an order or judgment terminates a defeated party's appeal rights. *Industrial Lease-Back Corp. v. Township of Romulus,* 23 Mich.App. 449, 452, 178 N.W.2d 819, 821 (1970); *Credit Industrial Co. v. Bendixen,* 255 Iowa 1020, 1021–22, 125 N.W.2d 262, 262–63 (1963); *Kerr v. Kerr,* 74 S.D. 454, 458, 54 N.W.2d 357, 359 (1952); *Rolette County v. Pierce County,* 8 N.D. 613, 615, 80 N.W. 804, 805 (1899).

■ Respondent, while conceding the general rule, argues that Rule 106 of the Minnesota Rules of Civil Appellate Procedure is authority for allowing review of the judgment and order by the losing party since such review is in the nature of a

---

**6.** In *Haugen v. Town of Waltham,* 292 N.W.2d 737, 740 (Minn.1980), this court stated:

Although no Minnesota cases have interpreted § 65B.51, subd. 1, it is apparent that the language of the statute *clearly and unambiguously requires the deduction of no-fault economic loss benefits which will be payable in the future from a tort recovery.* This requirement is in furtherance of the stated purpose of our no-fault act to prevent double

recovery in cases of injury arising out of the use of a motor vehicle. Minn.Stat. § 65B.42, subd. 5 (1978). *See also* M. Steenson, *No-Fault In A Fault Context,* 2 Wm. Mitchell L.Rev. 109, 133 (1976). It is also consistent with the general rationale of the act that *economic loss should primarily be the burden of the no-fault carrier.* Minn.Stat. § 65B.42, subd. 1 (1978). (emphasis added)

cross-appeal.[7] Respondent township further contends that *Jangula v. Klocek*, 284 Minn. 477, 170 N.W.2d 587 (1969), is supportive of its attempt to have the liability issue in this case reviewed on appeal. In *Jangula*, we recognized the right of the plaintiff to have the amount of remittitur reviewed on cross-appeal, notwithstanding that the plaintiff in the trial court had consented to the remittitur. 284 Minn. at 484–88, 170 N.W.2d at 592–94. *Jangula*, in our view, is distinguishable. There, the plaintiff's cross-appeal was limited to the issue of damages raised by the defendant's appeal. Here, the appellant raises the singular issue—the propriety of the trial court's reduction of the verdict by the amount of no-fault benefits paid. Respondent's cross-appeal is not related to damages, as the cross-appeal was in *Jangula*, but rather is focused on the liability question—whether a township can be negligent for the non-performance of a discretionary act. Respondent had the right to appeal on this issue of liability, but, instead, it chose voluntarily to pay damages as computed by the trial court even before the entry of judgment and during the time of the stay of entry of judgment. We therefore conclude that by the voluntary payment of the damages without reserving the right to appeal respondent has waived its appeal rights by satisfaction of the judgment. Accordingly, it is unnecessary to review respondent's claims with respect to its purported Notice of Review.

Affirmed.

SIMONETT, Justice (dissenting).

I respectfully dissent to the first part of the court's opinion. I read the offset provision of Minn.Stat. § 65B.51, subd. 1 (1980), to require that the cause of action, not just the accident, must arise out of the operation, ownership, maintenance or use of a motor vehicle. Here the only cause of ac-

tion for which damages are recoverable is the cause of action against the township. Since this claim is not based on the township's use of a motor vehicle, there is no setoff.

To hold otherwise, it seems to me, renders meaningless subdivision 5 of the same statute which says that nothing in the section shall limit "the damages recoverable *from any person* for negligent acts or omissions other than those committed in the operation, ownership, maintenance, or use of a motor vehicle." (Emphasis added.)

TODD, Justice (dissenting).

I join in the dissent of Justice Simonett.

---

7. Minn.R.Civ.App.P. 106 provides:

 A respondent may obtain review of a judgment or order entered in the same action which may adversely affect him by serving a notice of review on all parties to the action who may be affected by the judgment or

order. The notice of review shall specify the judgment or order to be reviewed and shall be served upon the parties within 15 days after service of the notice of appeal on that respondent and thereafter shall be filed with the Clerk of the Supreme Court.